**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MOHAMMAD NOROUZIAN,**

          **Plaintiff,**

**v.**

          **CIVIL ACTION**

          **No. 09-2391-KHV-DJW**

**KU MEDICAL CENTER,**

          **Defendant.**

**MEMORANDUM AND ORDER**

Pending before the Court are Plaintiff's Motions to Compel (doc. 21, 28 & 29). For the following reasons, the motions are denied without prejudice.

**I.    Motion to Compel filed December 15, 2009 (doc. 21)**

The Court denies Plaintiffs' motion without prejudice for failure to comply with the conference requirements set forth in Federal Rule of Civil Procedure 37(a)(1) and D. Kan. Rule 37.2. Rule 37(a)(1) provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[1] In a similar vein, D. Kan. Rule 37.2 provides that the Court will not entertain any motion to resolve a discovery dispute pursuant to Federal Rule of Civil Procedure 37 unless the movant has made a "reasonable effort to confer" with the opposing party.[2] Furthermore, D. Kan. Rule 37.2 states that the certification required by Rule 37 "shall describe with particularity the steps taken by all counsel to resolve the

---

[1] Fed. R. Civ. P. 26(c)

[2] D. Kan. Rule 37.2.

issues in dispute." D. Kan. Rule 37.2 states that a "reasonable effort to confer" requires the parties to "converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[3]

Here, Plaintiff does not attach a separate certificate of compliance to his motion nor does he describe in his motion any steps that he took to confer with Defendant's counsel regarding the matter at issue. In short, there is nothing in the record indicating that the parties have conversed, conferred, compared views, or deliberated about the issues set forth in Plaintiff's Motion to Compel or that Plaintiff made a good faith attempt to do so. Accordingly, the Court finds that Plaintiff has failed to satisfy the conference requirements, and it will decline to rule on the Motion to Compel on this basis.

In light of the above, the Court will deny Plaintiffs' Motion to Compel (doc. 21). Said denial shall be *without prejudice* to Plaintiff refiling his motion after he has conferred or made a reasonable effort to confer in accordance with the above-cited rules. Plaintiff shall confer with Defendant's counsel within **fourteen (14) days** of this Order, and any renewed motion to compel shall be filed within **twenty-one (21) days** of this Order.

II.     **Motions to Compel Filed December 17 and 21, 2009 (doc. 28 & 29)**

The Court will also deny these motions for failure to comply with the conference requirements set forth in Federal Rule of Civil Procedure 37(a)(1) and D. Kan. Rule 37.2. In addition, the Court denies these motions for failure to comply with Federal Rule of Civil Procedure 7(b)(1). That rule provides that a request for a court order must be made by motion and requires that the motion: "(A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought."[4]

---

[3] *Id.*

[4] Fed. R. Civ. P. 7(b)(1).

2

This District has adopted Rules of Practice that expand on these requirements. D. Kan. Rule 7.1 requires that any motion be accompanied by a brief or memorandum. In addition, D. Kan. Rule 7.6 provides that any brief or memorandum "shall contain" the following:

(1) A statement of the nature of the matter before the court.
(2) A concise statement of the facts. Each statement of fact should be supported by reference to the record in the case.
(3) A statement of the question or questions presented.
(4) The argument, which shall refer to all statutes, rules and authorities relied upon.[5]

Plaintiff's pleadings are entitled "Motion to Compel." The motions, however, do not set forth valid, understandable requests for relief or for any order as required by Federal Rule of Civil Procedure 7(b)(1). Indeed, it is not even clear to the Court that Plaintiff is actually moving to compel Defendant to provide discovery, because nowhere in the motions does Plaintiff explain what discovery he is asking Defendant to provide (e.g., disclosures, depositions, interrogatory answers, responses to requests for production, etc.).[6] In addition, the motions do not comply with D. Kan. Rules 7.1 and 7.6., in that they are not accompanied by memoranda which set forth a comprehensible statement of the nature of the matter before the Court, a factual statement, a statement of the question(s) presented, a section containing Plaintiff's arguments, or the legal authorities upon which Plaintiff relies.[7]

---

[5] D. Kan. Rule 7.6(a).

[6] To the extent Plaintiff may be seeking an order directed at depositions, interrogatories, requests for production or inspection, or requests for admission, or responses thereto, D. Kan. Rule 37.1(a) requires Plaintiff to provide copies of the deposition notices or the portions of the interrogatories, requests or responses in dispute.

[7] The Court often overlooks the failure to provide a separate memorandum, so long as the motion contains this information.

The Court recognizes that Plaintiff is proceeding *pro se* and that the Court must construe *pro se* pleadings liberally.[8] Even applying this liberal standard, the Court is unable to determine what relief Plaintiff seeks in these two motions. These motions are therefore denied without prejudice to the refiling of motions that comply with the applicable Rules of this Court and Federal Rules of Civil Procedure. To the extent Plaintiff seeks to compel discovery from Defendant, he shall confer with Defendant's counsel within **fourteen (14) days** of this Order, and file his renewed motions to compel within **twenty-one (21) days** of this Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motions to Compel (doc. 21, 28 & 29) are denied *without prejudice* to Plaintiff refiling the motions after Plaintiff has satisfied the conference requirements and other applicable Rules of this Court and Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff shall, within **fourteen (14) days** of the date of this Order, confer with Defendant's counsel regarding the issues raised by these motions, and any renewed motions to compel shall be filed within **twenty-one (21) days** of the date of this Order.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 29th day of December 2009.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties

---

[8] *Weinbaum v. City of Las Cruces*, N. M., 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).