**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MOHAMMAD NOROUZIAN,**

        **Plaintiff,**

**v.**

        **CIVIL ACTION**

        **No. 09-2391-KHV-DJW**

**UNIVERSITY OF KANSAS HOSPITAL,**

        **Defendant.**

**MEMORANDUM AND ORDER**

Pending before the Court are Plaintiff's Motions to Compel (doc. 34 & 36). For the reasons set forth below, the motions are denied.

**I.    Motion to Compel (doc. 34)**

In this motion, Plaintiff asks the Court to order Defendant to provide certain Rule 26(a)(1) disclosures.[1] The Court will decline to entertain Plaintiff's motion because Plaintiff has failed to comply with the conference requirements set forth in Federal Rule of Civil Procedure 37(a)(1) and D. Kan. Rule 37.2. Rule 37(a)(1) provides that any motion to compel disclosures or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[2] In a similar vein, D. Kan. Rule 37.2 provides that the Court will not entertain any motion to resolve a discovery dispute pursuant to Federal Rule of Civil Procedure 37 unless the movant has made a

---

[1]Mot. to Compel (doc. 34) at 1.

[2]Fed. R. Civ. P. 26(c).

"reasonable effort to confer" with the opposing party.[3] Furthermore, D. Kan. Rule 37.2 states that the certification required by Federal Rule of Civil Procedure 37 "shall describe with particularity the steps taken by all counsel to resolve the issues in dispute." D. Kan. Rule 37.2 states that a "reasonable effort to confer" requires the parties to "converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."

Plaintiff fails to attach a separate certificate of compliance to his motion. He also fails to describe in his motion any steps that he took to confer with Defendant's counsel regarding the matter at issue. In sum, there is nothing in the record indicating that the parties have conversed, conferred, compared views, or deliberated about the issues set forth in Plaintiff's Motion to Compel or that Plaintiff made a good faith attempt to confer with Defendant's counsel. Accordingly, the Court finds that Plaintiff has failed to satisfy the conference requirements, and it will decline to rule on the Motion to Compel on this basis.

In light of the above, the Court must deny Plaintiffs' Motion to Compel. Said denial shall be *without prejudice* to Plaintiff refiling his motion after he has conferred, or made a reasonable effort to confer, with Defendant's counsel in accordance with the above-cited rules. Plaintiff shall confer with Defendant's counsel within **fourteen (14) days** of this Order, and any renewed motion to compel regarding the disclosures at issue shall be filed within **twenty-one (21) days** of this Order.

---

[3] D. Kan. Rule 37.2.

## II. Motion to Compel (doc. 36)

This pleading is entitled "Motion to Compel" and contains the subtitle "Defendant Confusion." The motion begins: "Plaintiff response to defendant confusion as follow:"[4] It then appears to discuss the ways in which Plaintiff contends Defendant is "confused" about Plaintiff's allegations. Although the motion is entitled "Motion to Compel," it does not ask the Court to compel Defendant to provide any type of discovery nor does it indicate that Defendant has failed to meet any of its discovery obligations.

The Court denies Plaintiff's motion for failure to comply with Federal Rule of Civil Procedure 7(b)(1) and D. Kan. 7.1. Federal Rule of Civil Procedure 7(b)(1) provides that a request for a court order "must be made by motion," and "[t]he motion must . . . state with particularity the grounds for seeking the order." It also requires that the motion "state the relief sought."[5] Plaintiff's motion fails to set forth any valid, understandable request for relief or for order, as required by Rule 7(b)(1).

Furthermore, the motion fails to comply with D. Kan Rule 7.1 in that it does not provide a statement of the nature of the matter before the court, a statement of the facts with references to the record in the case, and a statement of the question or questions presented. It also fails to provide any legal argument, analysis, or authorities. The Court's December 29, 2009 Memorandum and Order (doc. 31) denying Plaintiff's previous motions explains the requirements of D. Kan Rule 7.1 in further detail. Rather than repeat that discussion here, the Court refers Plaintiff to that Memorandum and Order.

---

[4] Pl. Mot. to Compel (doc. 36) at 1.

[5] Fed. R. Civ. P. 7(b)(1).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (doc. 34) is denied *without prejudice* to Plaintiff refiling the motion after Plaintiff has satisfied the conference requirements set out above. Plaintiff shall, within **fourteen (14) days** of the date of this Order, confer with Defendant's counsel regarding the issues raised by this motion, and any renewed motion to compel shall be filed within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (doc. 36) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 6th day of January 2010.

s/<u>David J. Waxse</u><br>
David J. Waxse<br>
U.S. Magistrate Judge

cc: All counsel and *pro se* parties