DJW/1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MOHAMMAD NOROUZIAN,**

        **Plaintiff,**

v.

        CIVIL ACTION

        No. 09-2391-KHV-DJW

**UNIVERSITY OF KANSAS
HOSPITAL AUTHORITY,**

        **Defendant.**

**ORDER**

This is an employment discrimination action in which Plaintiff alleges that a party named "K.U. Medical Center" ("KUMC") discriminated against him on the basis of his national origin when it failed to hire him for an "EKG Tech 1" position and accept him for a volunteer position.[1] Plaintiff also claims that he was harassed on the basis of his national origin by employees of KUMC, including employees of "the K.U. Medical School library (Dykes library)" and "the Human Resources office."[2]

A hearing was held on April 1, 2010, at which time the Court took up all outstanding pending pretrial motions. Plaintiff appeared pro se. The University of Kansas Hospital Authority ("UKHA") appeared through counsel Robert J. Hingula. At the hearing, the Court took up UKHA's Motion to Compel and for Sanctions (doc. 66). The Court also took up the following motions filed by Plaintiff:

Motion for Police Protection (doc. 33);

---

[1] *See* Compl. (doc. 1) at 4.

[2] *Id.*

Motion for Reconsideration (doc. 40);
Motion for Review of Clerk's Action Pursuant to D. Kan. Rule 77.2 (doc. 47);
Motion for Order (doc. 49);
Motion to Compel (doc. 51);
Motion for Order to Show Cause (doc. 73);
Motion for Order to Show Cause (doc. 77);
Motion for Order to Show Cause (doc. 78);
Motion for Extension of Time (doc. 80); and
Motion for Order to Show Cause (doc. 81).

This Order will memorialize, and where necessary, supplement the Court's oral rulings.

## I.    Plaintiff's Motion for Police Protection (doc. 33)

In this motion, Plaintiff asks the Court "to grant FBI and police protection against defendant and their counsel."[3] As the Court explained at the hearing, the Court has no authority to grant this type of relief. Plaintiff may contact the appropriate authorities if he so desires. This motion is therefore denied.

## II.   Plaintiff's Motion for Reconsideration (doc. 40)

### A.    Introduction and Background Facts

Plaintiff seeks reconsideration of the Court's January 8, 2010 Order (doc. 39) granting UKHA's Motion for Substitution of Party (doc. 26) ("Motion for Substitution"). In its Motion for Substitution, UKHA moved, pursuant to Federal Rule of Civil Procedure 21, to substitute itself for KUMC. In support of its motion, UKHA asserted that Plaintiff had submitted his employment and volunteer applications to UKHA, and that Plaintiff had misnamed UKHA as KUMC in the Complaint. UKHA further asserted that "it stands behind its decisions not to hire Plaintiff or accept Plaintiff's volunteer application," and that it has chosen to respond to Plaintiff's allegations "head

---
[3]Mot. for Order (doc. 33) at 1.

on."[4] UKHA also noted that Plaintiff had served his Complaint on UKHA and that UKHA had filed an Answer to the Complaint and "actively defended against the allegations contained in Plaintiff's Complaint that are related to Plaintiff's employment and volunteer applications submitted to [UKHA]."[5] In addition, UKHA asserted that KUMC is "an entity that does not exist."[6]

UKHA's Motion for Substitution was filed on December 17, 2009. Plaintiff's response was due on December 31, 2010. On January 8, 2010, the Court determined that no response to the motion had been filed, and the Court granted it as unopposed.[7] The Court directed the Clerk's Office to substitute UKHA for KUMC in the docket.[8]

Shortly thereafter, Plaintiff moved the Court to reconsider its decision, asserting that the motion was not unopposed. Plaintiff states in his Motion for Reconsideration that he filed two pleadings in which he set forth his opposition to the proposed substitution. He maintains that he asserted his opposition in the Motion to Compel he filed on December 17, 2009 (doc. 28) and a second Motion to Compel he filed on December 21, 2009 (doc. 29). The Court has reviewed those pleadings, and determines that although they are entitled "Motions to Compel," they do indeed contain Plaintiff's opposition to the proposed substitution.

---

[4] UKHA's Mem. in Supp. of Mot. for Substitution of Party (doc. 27) at 1.

[5] UKHA's Mot. for Substitution (doc. 26) at 2.

[6] UKHA's Mem. in Supp. of Mot. for Substitution of Party (doc. 27) at 1.

[7] *See* January 8, 2010 Order (doc. 39).

[8] *Id*.

In both of the Motions to Compel, Plaintiff asserts that KUMC is the entity who should be held liable for the alleged discrimination, harassment, and mental distress.[9] In his December 21, 2009 Motion to Compel, Plaintiff also asserts the following: (1) Plaintiff submitted his employment application to a KUMC e-mail address; (2) Plaintiff was harassed by employees at the A.R. Dykes Medical Library at KUMC; and (3) KUMC police officers acted unlawfully towards Plaintiff by taking his picture and warning Plaintiff.[10] In light of this opposition, Plaintiff contends that the Court should have denied the Motion for Substitution.

**B.    Standard for Ruling on a Motion for Reconsideration**

Although the Federal Rules of Civil Procedure do not provide for motions for reconsideration, the District of Kansas has promulgated a local rule, D. Kan. Rule 7.3(b), which addresses reconsideration of non-dispositive rulings. Pursuant to D. Kan. Rule 7.3(b), a party "may file a motion asking a judge or magistrate judge to reconsider an order or decision made by that judge or magistrate judge."[11] The Rule provides that reconsideration will be granted based on: "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to

---

[9]*See* Dec. 17, 20090 Mot. to Compel (doc. 28) at 1: Dec. 19, 2009 Mot. to Compel (doc. 29) at 1-2.

[10]Dec. 21, 2009 Mot. to Compel (doc. 29) at 1-2.

[11]D. Kan. Rule 7.3.

4

correct clear error or prevent manifest injustice."[12] The decision whether to grant a motion to reconsider is committed to the court's sound discretion.[13]

**C.    Analysis**

The Court finds that reconsideration is appropriate under these circumstances to correct clear error and prevent manifest injustice. Plaintiff did in fact oppose the Motion for Substitution, and, thus, it was error for the Court to deem the motion uncontested and to grant it without consideration of its merits. The Court therefore grants Plaintiff's Motion for Reconsideration and will reconsider its ruling on UKHA's Motion for Substitution.

The Court finds that it is unclear at this preliminary stage of the lawsuit whether KUMC or UKHA, or both, should be named as defendants in this case. Certainly, Plaintiff has asserted in his Complaint claims for discrimination and harassment against KUMC and he alleges that he applied for employment and a volunteer position at KUMC and that he has been harassed by various KUMC employees. Thus, Plaintiff argues that KUMC is the entity that should be held liable to him. On the other hand, UKHA has asserted that an entity named KUMC does not exist and that UKHA is the entity which denied Plaintiff's applications for employment and a volunteer position.

At this point in the lawsuit, the factual record is not sufficient for the Court to make a definitive ruling about which entity should be named as the defendant. Rather than grant UKHA's request to be substituted for KUMC, the Court will permit the joinder of UKHA as a defendant. Thus, UKHA's Motion for Substitution is granted to extent UKHA requests to be named as a

---

[12]The Tenth Circuit has adopted the same standard. *See, e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.,* 57 F.3d 941, 944 (10th Cir. 1995).

[13]*In Re Cessna 208 Series Aircraft Prods. Liab.*, 2007 WL 2172764, at *2 (D. Kan. July 25, 2007).

defendant; however, it is denied to the extent UKHA requests to be substituted in place of KUMC. In other words, both KUMC and UKHA shall be named defendants in this lawsuit.

The Court notes that UKHA has already filed an answer in this case. On September 4, 2009, *prior to* filing its Motion for Substitution, UKHA filed a pleading entitled "Answer and Additional and Affirmative Defenses to Plaintiff's Complaint" on September 4, 2009 (doc. 9). The Court will not require UKHA to file a second answer.

KUMC, on the other hand, has yet to file its answer. Although it is not clear whether KUMC was ever served with the Summons and Complaint in this case, an entry of appearance was filed on behalf of "Defendant" on September 8, 2009 (doc. 10) by the same attorneys representing UKHA. While the attorneys' "signature block" on that Entry of Appearance indicates that the attorneys represent UKHA, the Court construes this pleading to be an entry of appearance on behalf of KUMC, as KUMC was the only party named as a defendant in the Complaint.

Despite the entry of appearance, KUMC has not filed an Answer, or for that matter, any other pleadings in this case. The only defense pleadings that have been filed have been those of UKHA. The Court will therefore mail a copy of this Order to the General Counsel of the University of Kansas, James P. Pottorff, Jr., and direct **KUMC to answer or otherwise plead in response to Plaintiff's Complaint by April 20, 2010.**

To summarize, the Court grants Plaintiff's Motion for Reconsideration, and, upon reconsideration, grants UKHA's Motion for Substitution to the extent UKHA asks to be joined as a defendant, but denies the Motion for Substitution to the extent UKHA asks to be substituted for KUMC. UKHA is therefore joined as a defendant. KUMC shall file an answer to Plaintiff's Complaint or other responsive pleading **by April 20, 2010**.

**III.     Plaintiff's Motion for Review of Clerk's Action Pursuant to D. Kan. Rule 77.2 (doc. 47)**

Plaintiff moves pursuant to D. Kan. Rule 77.2, seeking review of the Clerk of the Court's action in substituting UKHA for Defendant KUMC in the case docket. Because the Court has granted reconsideration of its ruling on UKHA's Motion for Substitution, this motion is now moot.

**IV.     Plaintiff's Motion for Order (doc. 49)**

On December 1, 2009, UKHA moved for a blanket protective order that would protect the medical, tax, financial, and personnel information and other private and confidential information and documents of the parties. The Court overruled Plaintiff's objections to UKHA's proposed Protective Order and entered an Order that granted in part UKHA's motion and entered a modified version of the proposed Protective Order.[14] Plaintiff now moves that KUMC be added as a party to the Protective Order.

The Court denies Plaintiff's motion. After KUMC has filed it answer, KUMC may decide to agree to the terms of the Protective Order and thereby become a party to it. Or, KUMC may seek to modify the Protective Order. The Court, however, will not unilaterally direct KUMC to comply with the Protective Order.

**V.      Plaintiff's Motion to Compel (doc. 51)**

In this motion, Plaintiff asks the Court to compel KUMC to provide certain information and documents responsive to Plaintiff's request for production of documents and to provide Rule 26(a)(1) disclosures. He also seeks Rule sanctions against KUMC for its alleged failure to provide this discovery.

---

[14]*See* December 29, 2009 Order Granting in Part and Denying in Part Mot. for Protective Order and Entering Protective Order (doc. 32).

The Court notes that the requests for production at issue were served on UKHA and not KUMC. After KUMC has filed its answer or other responsive pleading, Plaintiff may serve on KUMC whatever appropriate written discovery requests it chooses. In addition, the Court will set a deadline for KUMC to serve its Rule 26(a)(1) disclosures. Plaintiff's motion is therefore denied.

## VI. UKHA's Motion to Compel and for Sanctions (doc. 66)

In this motion, UKHA moves the Court to compel Plaintiff to provide his Rule 26(a)(1) disclosures, respond to UKHA's interrogatories and requests for production, and appear for his deposition, which UKHA initially noticed for March 25, 2010. At the April 1, 2010 motion hearing, the Court took this motion under advisement. An order will be forthcoming at a later date.

## VII. Plaintiff's Motions for Orders to Show Cause (doc. 73, 77, 78 & 81)

In these motions, Plaintiff asks the Court to issues various show cause orders. In his motion filed on March 23, 2010 (doc. 73), Plaintiff asks the Court to order Jane Owen, Director of KUMC's Equal Opportunity Office, to "show cause why she has not claimed the subpoena served by the Plaintiff on 2/22/2010."[15] In his motions filed on March 29, 2010 (doc. 77 & 78), Plaintiff asks the Court to order James Power, Assistant Director of KUMC's Police Department, and Steve Ruddick, Associate General Counsel of KUMC, to "show cause why [each] has not responded to subpoena served by the plaintiff on 2/16/2010."[16] Finally, in his motion filed March 31, 2020, Plaintiff requests that the Court direct Karen Cole, Director of KUMC's Dykes Medical Library to "show cause why she has not responded to the subpoena served by the plaintiff on 3/15/2010."[17]

---

[15] Pl.'s March 23, 2010 Mot. for Order to Show Cause (doc. 73) at 1.

[16] Pl.'s March 29, 2010 Mot. for Order to Show Cause (doc. 77) at 1; Pl.'s March 29, 2010 Mot. for Order to Show Cause (doc. 78) at 1.

[17] Pl.'s March 31, 2010 Mot. for Order to Show Cause (doc. 81) at 1.

Plaintiff's motions are denied. Plaintiff's subpoenas are governed by Federal Rule of Civil Procedure 45. Rule 45 provides for two types of subpoenas. A subpoena ad testificandum compels a witness to appear and testify at trial or to appear and provide deposition testimony, while a subpoena duces tecum compels a witness to produce documents and other tangible things.[18] A Rule 45 subpoena is necessary to compel a person *who is not a party* to appear for a deposition or to produce documents.[19] In other words, it applies only to *non-parties* and not to *parties*.[20] When as here, a plaintiff seeks information from a *party* rather than a *non-party*, the plaintiff must obtain the information through interrogatories served on the party under Federal Rule of Civil Procedure 33. Or, if the plaintiff seeks documents, the plaintiff must obtain the documents through requests for production served on the party pursuant to Federal Rule of Civil Procedure 34.

Here, Plaintiff's subpoenas seek information and documents from certain managers and upper level employees of KUMC. Because KUMC is a party to this lawsuit, subpoenas are not the proper method for obtaining this information and these documents. The Court therefore declines to enforce the subpoenas and denies Plaintiff's motions for show cause orders.

**VIII. Plaintiff's Motion for Extension of Time (doc. 80)**

---

[18] 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2451 at 381 (3d ed. 2008).

[19] *Id*. § 2452 at 389.

[20] Id.

Plaintiff moves the Court to extend discovery and all other deadlines. The Court takes this motion under advisement and will consider whether to amend the Scheduling Order after KUMC has filed its answer or other responsive pleading.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Police Protection (doc. 33) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (doc. 40) of the Court's January 8, 2010 Order granting UKHA's Motion for Reconsideration is granted. Upon reconsideration, the Court grants UKHA's Motion for Substitution (doc. 26) to the extent UKHA asks to be joined as a defendant, but denies the Motion for Substitution to the extent UKHA asks to be substituted for KUMC. UKHA is therefore joined as a defendant.

**IT IS FURTHER ORDERED** that KUMC will be mailed via certified mail, return receipt requested, a copy of this Order, and KUMC shall answer or otherwise plead in response to Plaintiff's Complaint by **April 20, 2010**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Review of Clerk's Action Pursuant to D. Kan. Rule. 77.2 (doc. 47) is moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order (doc. 49) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order (doc. 51) is denied.

**IT IS FURTHER ORDERED** that University of Kansas Hospital Authority's Motion to Compel and for Sanctions (doc. 66) is taken under advisement.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Order to Show Cause (doc. 73, 77, 78 & 81) are denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (doc. 80) is taken under advisement.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 6th day of April 2010.

<u>s/ David J. Waxse</u>
David J. Waxse
U. S. Magistrate Judge

cc: All counsel and *pro se* parties
and
by certified mail, return receipt requested, to:
James P. Pottorff, Jr.
University General Counsel
University of Kansas
245 Strong Hall
1450 Jayhawk Blvd.
Lawrence, KS 66045-7535