IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MOHAMMAD NOROUZIAN,

          Plaintiff,

                                    CIVIL ACTION

v.

                                    No. 09-2391-KHV-DJW

UNIVERSITY OF KANSAS
HOSPITAL AUTHORITY, et al.,

          Defendants.

**MEMORANDUM AND ORDER**

      This matter is before the Court on the Motion to Compel and for Sanctions (doc. 66) ("Motion to Compel") filed by Defendant University of Kansas Hospital Authority ("UKHA"). UKHA moves for an order dismissing the case, or in the alternative, an order compelling Plaintiff to provide Rule 26(a)(1) disclosures, respond to UKHA's written discovery, and appear for his deposition. A hearing was held on UKHA's Motion to Compel on April 6, 2010, at which time the Court took the motion under advisement.

      The Court has reviewed UKHA's motion and supporting briefs, in addition to Plaintiff's briefs opposing the motion.[1] The Court has also considered the arguments made by Plaintiff and UKHA at the April 6, 2010 hearing. For the reasons set forth below, the Court grants the motion in part.

---

[1] Plaintiff has filed various briefs opposing UKHA's Motion to Compel. *See* docs. 68, 70, 71 & 72.

**I.    Background and Procedural Information**

   **A.    Nature of the Case**

This is an action brought under Title VII of the Civil Rights Act of 1964, as amended,[2] in which Plaintiff alleges national origin discrimination and harassment. Plaintiff's Complaint alleges that Defendant KU Medical Center ("KUMC") discriminated against Plaintiff on the basis of his national origin when KUMC refused to hire him for various positions and declined to accept him for a volunteer position.[3] Plaintiff also alleges that he was harassed on the basis of his national origin by employees of KUMC, including employees of "the K.U. Medical School library (Dykes library)" and "the Human Resources office."[4]

   **B.    Procedural Background of the Case**

Plaintiff filed his Complaint against KUMC on July 24, 2009. The Summons and Complaint were served by certified mail addressed to "KU Medical Center."[5] The certified mail return receipt was signed by a "Steve K ____" [rest of signature illegible] on August 5, 2009.[6] On September 8, 2009, attorney Eric Packel filed an entry of appearance "on behalf of Defendant."[7] Underneath his electronic signature, however, Mr. Packel indicated that he was the attorney for "Defendant

---

[2]42 U.S.C. § 2000e *et seq.*

[3]*See* Compl. (doc. 1) at 4.

[4]*Id.*

[5]Return of Summons (doc. 7).

[6]*See id.* Plaintiff contends that the return receipt was signed by Steve Ruddick, who is, according to Plaintiff, associate general counsel for KUMC. *See* Pl.'s Supplemental Br. in Opp'n to UKHA's Mot. to Compel (doc. 71) at 1.

[7]Entry of Appearance (doc. 10) at 1.

2

University of Kansas Hospital Authority."[8] On September 8, 2009, UKHA filed an Answer to Plaintiff's Complaint, in which it denied discriminating against or harassing Plaintiff and denied any liability to Plaintiff.[9]

A scheduling conference was held on November 20, 2009, and a Scheduling Order was entered on November 24, 2009. The Scheduling Order directed the parties to serve their Federal Rule of Civil Procedure 26(a)(1) disclosures by December 11, 2009.[10] It further stated: [T]he parties have agreed that, without any need for formal requests for production, copies of the various documents described in the parties' respective Rule 26(a)(1) disclosures shall be exchanged or made available for inspection and copying by December 18, 2009."[11]

On December 17, 2009, UKHA moved, pursuant to Federal Rule of Civil Procedure 21, to substitute UKHA for Defendant KUMC.[12] In support of its motion, UKHA asserted that Plaintiff had submitted his employment and volunteer applications to UKHA, and that Plaintiff had misnamed UKHA as KUMC in the Complaint. UKHA further asserted that "it stands behind its decisions not to hire Plaintiff or accept Plaintiff's volunteer application," and that it has chosen to respond to Plaintiff's allegations "head on."[13] UKHA also noted that Plaintiff had served his Complaint on UKHA and that UKHA had filed an Answer to the Complaint and "actively defended

---

[8]*See id.*

[9]Answer (doc. 9).

[10]Scheduling Order (doc. 16) ¶ 2.a. at 4.

[11]*Id.*

[12]UKHA's Mot. for Substitution (doc. 26).

[13]Mem. in Supp. of UKHA's Mot. for Substitution (doc. 27) at 1.

3

against the allegations contained in Plaintiff's Complaint that are related to Plaintiff's employment and volunteer applications submitted to [UKHA]."[14] In addition, UKHA asserted that KUMC is "an entity that does not exist."[15]

Plaintiff's response to UKHA's Motion for Substitution was due on December 31, 2010. On January 8, 2010, the Court determined that no response to the Motion for Substitution had been filed, and the Court granted the motion as unopposed.[16] The Court directed the Clerk's Office to revise the docket to reflect the substitution of UKHA for KUMC.[17]

Shortly thereafter, Plaintiff moved the Court to reconsider its decision, asserting that he had in fact opposed the Motion for Substitution. Plaintiff stated in his Motion for Reconsideration that he had filed two pleadings in which he set forth his opposition to the proposed substitution, i.e., a pleading filed on December 17, 2009 (doc. 28) and a second pleading filed on December 21, 2009 (doc. 29).

The Court reviewed those pleadings, and determined that although they were entitled "Motions to Compel," they did indeed contain Plaintiff's opposition to the proposed substitution.[18] The Court granted reconsideration, and, on reconsideration, determined that "it is unclear at this

---

[14]UKHA's Mot. for Substitution (doc. 26) at 2.

[15]Mem. in Supp. of UKHA's Mot. for Substitution (doc. 27) at 1.

[16]*See* January 8, 2010 Order (doc. 39).

[17]*Id.*

[18]April 6, 2010 Order (doc. 84) at 5.

4

preliminary stage of the lawsuit whether KUMC or UKHA, or both, should be named as defendants in this case."[19]

Finding the factual record insufficient to allow the Court to definitively rule as to which entity should be named as the defendant, the Court granted UKHA's Motion for Substitution to the extent UKHA requested to be named as a defendant, but denied the Motion for Substitution to the extent UKHA requested to be substituted in place of KUMC.[20] In other words, the Court ruled that UKHA would be joined, along with KUMC, as a defendant in the lawsuit.

On April 19, 2010, KUMC filed a Motion to Dismiss on the basis that it has never been served with process.[21] UKHA states in its brief in support of the Motion to Dismiss that it is a state agency separate from UKHA.[22] It further states that it is represented in this lawsuit by the University of Kansas's Office of the General Counsel and that it has not authorized representation of it by anyone outside of the General Counsel's Office.[23] The Court recently vacated the Scheduling Order pending a ruling on KUMC's Motion to Dismiss.[24]

---

[19]*Id*. at 5. While Plaintiff alleged in his Complaint that he had applied for employment and a volunteer position at *KUMC* and that he has been harassed by various *KUMC* employees, UKHA'S counsel asserted at the April 1, 2010 hearing that no legal entity named "KUMC" exists. UKHA's counsel also asserted that it was UKHA, and not KUMC, that had denied Plaintiff's applications for employment and a volunteer position.

[20]*Id*. at 5-6.

[21]KUMC's Mot. to Dismiss (doc. 85).

[22]Mem. in Supp. of KUMC's Mot. to Dismiss (doc. 86) at 1.

[23]*Id.*

[24]April 28, 2010 Order (doc. 89).

5

## II. UKHA's Motion to Compel

### A. The Discovery at Issue

UKHA served its First Set of Interrogatories and First Requests for Production on Plaintiff by mailing them to Plaintiff on February 5, 2010.[25] Plaintiff's responses were therefore due March 10, 2010.[26]

On February 12, 2010, Plaintiff sent UKHA's counsel a letter returning the interrogatories and requests for production, unanswered, "object[ing] to the identity for the defendant name."[27] In his letter, Plaintiff explained that he believed it was unfair to require Plaintiff to produce confidential documents in response to UKHA's discovery requests when "KUMC and their lawyers have not agreed to sign the plaintiff's recommended format of protective order."[28] In addition, Plaintiff stated: "The plaintiff on 11/16/2009 in his parties planning conference paragraph 5 has stated that the plaintiff only agrees to provide his employment history, alleged claims of the defendant K.U.M.C. employment, volunteer and research applications etc." and that KUMC did not object to this agreement.[29]

---

[25]UKHA provided copies of the interrogatories and requests for production in a supplemental pleading filed on May 5, 2010 (doc. 95).

[26]Pursuant to Fed. R. Civ. P 33(b)(2), Plaintiff had thirty days to respond to UKHA's interrogatories. Pursuant to Fed. R. Civ. P. 34(b)(2)(A), Plaintiff also had thirty days to respond to UKHA's requests for production. Three days were added to those thirty-day periods pursuant to Fed. R. Civ. P. 6(d) since the interrogatories and requests for production were served on Plaintiff by mail. Consequently, Plaintiff's responses were due on March 10, 2010.

[27]Pl.'s Feb. 12, 2010 letter to UKHA's counsel, Ex. C to Hingula Aff. Attached to Mem. in Support of UKHA's Mot. to Compel (doc. 67).

[28]*Id.*

[29]*Id.*

On February 17, 2010, UKHA re-served Plaintiff with its written discovery requests. Plaintiff wrote UKHA's counsel of February 19, 2010, reiterating that he would not be responding to any of UKHA's discovery requests and returning the discovery requests for a second time.[30] Later that same day, UKHA served its discovery requests on Plaintiff for a third time. Plaintiff returned the discovery requests once again, and indicated he would not be responding to them.[31] On February 22, 2010, Plaintiff filed objections to UKHA's interrogatories, requests for production, and request to take his deposition.[32]

Shortly thereafter, UKHA filed a notice to take Plaintiff's deposition on March 25, 2010.[33] On March 8, 2010, Plaintiff filed objections to the deposition notice, asserting that the deposition should not go forward because KUMC had refused to sign Plaintiff's proposed protective orders.[34]

To date, Plaintiff has still not responded to any of UKHA's interrogatories or requests for production. The parties disagree as to whether Plaintiff has served his Rule 26(a)(1) disclosures (due December 11, 2009) or provided copies of documents relating to his Rule 26(a)(1) disclosures or made any such documents available for inspection (due December 18, 2009). UKHA asserts that no disclosures have been served. Plaintiff, on the other hand asserts that he has provided certain documents to UKHA. (*See* Part D.1. below for further discussion of this issue.) Plaintiff did not appear for his deposition on March 25, 2010.

---

[30]Pl.'s Feb. 19, 2010 Letter to UKHA's counsel, Ex. E to Hingula Aff. attached to Mem. in Support of UKHA's Mot. to Compel (doc. 67).

[31]Pl.'s Feb. 22, 2010 Letter to UKHA's counsel, Ex. H to Hingula Aff. attached to Mem. in Support of UKHA's Mot. to Compel (doc. 67).

[32]*See* Pl.'s Objections to Dis. Req. (doc. 59).

[33]*See* Dep. Notice (doc. 60).

[34]Pl.'s Objection to Notice to Take Pl.'s Dep. (doc. 62).

**B.     Relief Requested**

UKHA requests in its Motion to Compel that the Court issue an order dismissing UKHA with prejudice "due to Plaintiff's blatant disregard for the Federal Rules of Civil Procedure and this Court's order, and Plaintiff's refusal to participate in discovery."[35] In the alternative, UKHA requests that the Court order Plaintiff to "(1) provide his Rule 26 disclosures to UKHA; (2) provide proper responses to UKHA's Interrogatories and Requests for the Production of Documents, and (3) attend the deposition scheduled for March 25, 2010."[36] UKHA also requests that the Court extend the discovery deadline and all other pretrial deadlines by thirty days to allow UKHA the opportunity to review Plaintiff's discovery responses and to take Plaintiff's deposition. Finally, UKHA seeks to recover from Plaintiff the attorney's fees and expenses it has incurred in connection with its Motion to Compel.

**C.     Plaintiff's Opposition to UKHA's Motion to Compel**

Plaintiff opposes UKHA's Motion to Compel for four primary reasons. First, Plaintiff asserts that he has "provided [to KUMC] any and all non-privileged and non-confidential documents including photocopy of applications and information about EKG-TECH 1 job, Volunteer job and Research Assistant job in the defendant K.U.M.C. and all and any letters that the plaintiff has sent to the defendant K.U.M.C. officers, directors and employees."[37] Apparently, Plaintiff contends this fulfills his obligation to provide Rule 26(a)(1) disclosures.

Second, Plaintiff contends that "defendant K.U.M.C. has also obtained information about the plaintiff's personal back ground check, bank account, social security number, FBI and Homeland

---

[35]UKHA's Mot. to Compel (doc. 66) at 1.

[36]*Id*.

[37]Pl.'s Mem. in Opp'n to UKHA's Mot. to Compel (doc. 68) at 1.

8

Security, police, blood test, chest x-ray, medical school, undergraduate education, plaintiff's friend, residence, employment, over seas and etc."[38] Apparently, Plaintiff contends that because KUMC has documents in its possession about him that he need not respond to UKHA's discovery requests.

Third, Plaintiff asserts that he sent three proposed protective orders to KUMC to protect the confidentiality of his privileged and confidential information but that KUMC has refused to sign any of the orders. Apparently, Plaintiff contends that he should not be required to respond to UKHA's discovery requests until KUMC signs his proposed protective order. (It appears to the Court that the exchange of proposed protective orders and discussions regarding them actually took place between Plaintiff and counsel for UKHA, and not KUMC.)

Fourth, Plaintiff argues that his lawsuit is filed only against KUMC and not UKHA, and that he should therefore not be required to provide *any* discovery to UKHA.

**D.  Discussion**

    *1.  Does Plaintiff have meritorious reasons for not responding to UKHA's discovery?*

The Court finds Plaintiff's opposition to the discovery at issue to be without merit for the following reasons. With respect to Plaintiff's disclosures, the Court cannot find that there was any agreement between Plaintiff and UKHA (or KUMC, for that matter) that Plaintiff need only provide UKHA his "employment history" and "volunteer and research applications," as Plaintiff claims. Thus, the Court finds no basis to excuse Plaintiff from complying with his Rule 26(a)(1) disclosure obligations or the November 24, 2009 Scheduling Order's directive to exchange or make available to UKHA for inspection and copying all documents identified in Plaintiff's Rule 26(a)(1) disclosures. While Plaintiff has apparently provided UKHA with some documents (copies of certain

---

[38]*Id.*

9

job applications and letters), it does not appear that Plaintiff has provided all of the information and documents required to be disclosed under Rule 26(a)(1) and the Court's Scheduling Order.

With respect to UKHA's interrogatories and requests for production, it is undisputed that Plaintiff has not responded to them. The Court's finds Plaintiff's argument that it should be excused from responding because UKHA has not signed or agreed to Plaintiff's version of a protective order to be without merit. The Scheduling Order set a deadline for the parties to confer and to file motions for protective order if they were unable to agree to the terms of such an order. The parties apparently were unable to agree to the terms of a protective order, and UKHA filed a motion for protective order and submitted a proposed protective order to the Court. Plaintiff, on the other hand, never filed a motion for protective order and never submitted his own proposed version of a protective order to the Court.

The Court, after reviewing UKHA's proposed protective order and considering Plaintiff's objections to it, entered a Protective Order (doc. 32) on December 29, 2009 to protect the confidentiality of documents produced by either Plaintiff or UKHA. That Protective Order currently controls, and Plaintiff has failed to show how that order is insufficient to protect Plaintiff's interests. Thus, the fact that UKHA may have rejected Plaintiff's version of a protective order is not grounds for Plaintiff to refuse to answer UKHA's discovery requests.

The Court also rejects Plaintiff's argument that he need not respond because KUMC already has certain information and documents in its possession. Apparently, Plaintiff believes that it need not respond to UKHA's interrogatories or requests for documents because KUMC allegedly already possesses information about Plaintiff's background check, bank account, employment, and other matters. It is not clear what information, if any, *KUMC* may possess about Plaintiff. *UKHA*, however, denies that it possesses this information. Even if UKHA already possesses this

information, it is still entitled to serve interrogatories and requests for production to obtain "any nonprivileged matter that is relevant to any party's claim or defense."[39] Furthermore, as a general rule, a party is not prohibited from inquiring about facts already known or in that party's possession.[40]

Finally, the Court rejects Plaintiff's argument that it need not respond to UKHA's discovery requests because KUMC, and not UKHA, is the only defendant in this case. As is set out above in Part I.B., the Court on April 6, 2010, upon reconsideration of UKHA's Motion for Substitution, granted the motion to the extent UKHA requested to be named as a defendant, but denied the motion to the extent UKHA requested to be substituted in place of KUMC.[41] Thus, both UKHA and KUMC are currently defendants in this lawsuit. Because UKHA is a party to this lawsuit, Plaintiff is obligated to respond to its discovery requests.

For these very same reasons, the Court finds Plaintiff's reasons for not attending his deposition to be without merit.

In summary, Plaintiff has not presented any valid reasons for not serving his Rule 26(a)(1) disclosures on UKHA, not responding to UKHA's written discovery, or not attending his deposition as noticed by UKHA. The Court will now proceed to determine what relief should be afforded UKHA.

---

[39]Fed. R. Civ. P. 26(b)(1). *See also* Fed. R. Civ. P. 33(a)(2) ("An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b).").

[40]*See* 8 Charles Alan Wright, Arthur R. Miller & Richard L Marcus, *Federal Practice and Procedure* § 2014 at 288 (3d ed. 2010) ("[I]n the great majority of cases a party has been allowed to inquire about facts already known to him or her."); *Id.*, vol. 8B, § 2165 at 12 ("An interrogatory may inquire about some fact even though the answer is already known to the examining party.").

[41]April 6, 2010 Order (doc. 84) at 5-6.

## 2. *What relief should be afforded UKHA?*

As noted above, UKHA requests that the Court dismiss Plaintiff's action against UKHA with prejudice. In the alternative, UKHA asks for an order compelling Plaintiff to provide his Rule 26 disclosures, respond to UKHA's interrogatories and requests for production, and appear for his deposition. UKHA also seeks to recover the attorneys' fees and expenses it has incurred in connection with this motion. Finally, it requests that discovery and other pretrial deadlines be extended to permit UKHA sufficient opportunity to review Plaintiff's discovery responses and take his deposition.

The Court agrees with UKHA that Plaintiff's pro se status does not relieve him from complying with his discovery obligations. It is well settled that a party's pro se status does not excuse the party from complying with the fundamental requirements of the Federal Rules of Civil Procedure.[42] The Court, however, does not find that dismissal of Plaintiff's action is an appropriate sanction under the rather unique circumstances of this case.

While Rule 37(b)(2)(A)(v) permits a court to issue "[a]n order . . . dismissing the action or proceeding in whole or in part," dismissal is permitted only when the party "fails to obey an order to provide or permit discovery."[43] Furthermore, as the Tenth Circuit has observed, "dismissal represents an extreme sanction appropriate only in cases of willful misconduct."[44] Because

---

[42]*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

[43]Fed. R. Civ. P. 37(b)(2)(A)(v).

[44]*Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

dismissal defeats a party's right of access to the courts, "it should be used as a weapon of last, rather than first, resort."[45]

No specific order regarding the discovery at issue has been entered, and, thus, the Court cannot find that Plaintiff has violated a court order within the purview of Rule 37(b)(2)(A)(v). Furthermore, the Court does not find that Plaintiff has engaged in "willful misconduct." While Plaintiff has made misguided and unfounded objections to providing this discovery, which the Court has rejected, the Court does not find Plaintiff's actions to be in bad faith or to constitute "willful misconduct" that would warrant the extreme sanction of dismissal.

The Court, however, does find that UKHA is entitled to an order compelling discovery. The Court directs Plaintiff to serve its Rule 26(a)(1) disclosures on UKHA by **June 4, 2010.** Pursuant to Rule 26(a)(1)(A)(i), Plaintiff shall provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that [Plaintiff] may use to support [his] claims or defenses, unless the use would be solely for impeachment[.]"[46] In addition, pursuant to Rule 26(a)(1)(A)(ii), Plaintiff shall provide to UKHA a written description "by category and location . . . of all documents, electronically stored information, and tangible things" that are in Plaintiff's possession, custody or control that he "may use to support [his] claims or defenses, unless the use would be solely for impeachment[.]"[47] In addition, pursuant to Rule 26(a)(1)(A)(iii), Plaintiff shall provide UKHA with "a computation of

---

[45]*Id.* (internal quotations and citations omitted).

[46]Fed. R. Civ. P. 26(a)(1)(A)(i).

[47]Fed. R. Civ. P. 26(a)(1)(A)(ii).

each category of damages" that Plaintiff seeks to recover.[48]  Finally, pursuant to Paragraph 2.a. of the November 24, 2009 Scheduling Order, Plaintiff shall provide UKHA with copies of the documents described in his disclosures, or make the documents available for inspection by UKHA. These documents shall include any non-privileged documents "on which each [damage] computation is based, including [documents] bearing on the nature and extent" of the injuries Plaintiff has allegedly suffered.[49]  Plaintiff shall produce these documents to UKHA by **June 4, 2010.**[50]

In addition, the Court will compel Plaintiff to respond to UKHA's First Set of Interrogatories and First Requests for Production.  The Court will *not*, *however,* require Plaintiff to respond to Requests for Production No. 15 and 16, which ask Plaintiff to "execute and return" releases of certain medical and employment records.  This Court has held on several occasions that Rule 34 is not a vehicle under which the Court may compel a party to sign records releases.[51]  A request for production or inspection under Rule 34 requires a party to provide for inspection and copying

---

[48]Fed. R. Civ. P. 26(a)(1)(A)(iii)

[49]*Id.*

[50]At this time, Plaintiff will not be required to serve any Rule 26(a)(1) disclosures on KUMC. After KUMC's Motion to Dismiss is resolved, the Court will, if necessary, set a new schedule for the exchange of disclosures between KUMC and the other parties**.**

[51]*See, e.g.,Equal Employment Opportunity Comm'n v. Thorman & Wright Corp.*, 243 F.R.D. 426, 428-29 (D. Kan. 2007) (declining to compel plaintiff to sign a release for employment records in the possession of plaintiff's former employer); *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 540) (D. Kan. 2006) (declining to compel plaintiff to execute a release that would allow defendant to obtain plaintiff's tax records from third parties "because the Court finds no basis within Fed. R. Civ. P. 34 to compel a party's signature." ); *Shaw v. Mgmt. & Training Corp.*, No. 04-2394-KHV-DJW, 2005 WL 375666, at *1 (D. Kan. Feb. 9, 2005) ("[T]he Court, *sua sponte*, will deny the motion [to compel employment records] on grounds that there is no basis under Rule 34 to allow this Court to compel Plaintiff to sign the authorization as requested.")

documents and tangible things that are "in the responding party's possession, custody or control."[52] Rule 34 contains no provision requiring a party to sign a release or authorization so that the requesting party may obtain a document directly from a non-party. Thus, the Court will deny UKHA's Motion to Compel to the extent UKHA asks the Court to compel Plaintiff to sign medical and employment record releases pursuant to Requests No. 15 and 16.[53] Accordingly, Plaintiff shall respond to UKHA's First Set of Interrogatories and UKHA's First Requests for Production No. 1-14 and 17-27 **without objections**, and shall produce for inspection and copying all documents responsive to said requests. Plaintiff shall do so by **June 4, 2010.**

The Court also grants UKHA's Motion to Compel with respect to Plaintiff's deposition. The March 25, 2010 date for which the deposition was noticed has, of course, come and gone. Typically, the Court would direct UKHA to proceed with Plaintiff's deposition at a mutually agreeable time in the near future; however, in this case, KUMC has filed a Motion to Dismiss and the Scheduling Order has been vacated pending a ruling on that motion. Plaintiff's deposition should not proceed until it has been determined whether KUMC will remain in the case.

3. *UKHA's request to extend discovery and other pretrial deadlines*

The Court finds that UKHA's request to extend discovery and other pretrial deadlines by thirty days is moot, given that the Court, on its own motion, recently vacated the Scheduling Order

---

[52] Fed. R. Civ. P. 34(a)(1).

[53] To the extent these medical and employment records are in the custody, control or possession of a non-party, UKHA may serve a subpoena on the non-party pursuant to Fed. R. Civ. P. 45. In the event the non-party objects to the subpoena or otherwise refuses or fails to produce the subpoenaed documents, the Court would consider a motion requesting that the Court (1) compel the non-party to produce the documents pursuant to Rule 45; or (2) compel Plaintiff to execute the appropriate releases pursuant to the Court's general power to enforce its own orders. *See Johnson*, 236 F.R.D. at 540 (setting forth conditions under which this Court would consider issuing an order compelling a party to execute a records release).

and all deadlines and settings contained therein, pending a ruling on KUMC's Motion to Dismiss.[54]

### 4. Is UKHA entitled to an award of attorney's fees and expenses?

Finally, the Court must consider whether UKHA is entitled to recover from Plaintiff the attorney's fees and expenses it has incurred in connection with this Motion to Compel.

Federal Rule of Civil Procedure 37(a)(5) governs the award of fees and expenses in connection with motions to compel. Generally speaking, it requires the Court to award reasonable expenses and attorney's fees to a prevailing party unless the position of the non-prevailing party was substantially justified or other circumstances make an award of expenses unjust.[55] If a motion to compel is granted in part and denied in part, Rule 37(a)(5)(C) allows the court to apportion the reasonable attorney's fees and expenses for the motion.[56]

Courts have generally held that a party's position (i.e., motion, request, response, or objection) is substantially justified within the meaning of Rule 37 if it is "justified to a degree that could satisfy a reasonable person,"[57] or where "reasonable people could differ as to the appropriateness" of the objection or response.[58] Whether to impose sanctions when a court grants in part and

---

[54]*See* April 28 Order (doc. 89).

[55]*Millennium Mktg. Group, Ltd. v. Simonton Bldg*, No. 08-2198-JWL-DJW, 2009 WL 2407723, at *19 (D. Kan. Aug. 4, 2009) (citations omitted).

[56]*Id.* (citations omitted).

[57]*See, e.g., Sheppard v. River Valley Fitness One, L.P.*, 428 F.3d 1, 12 (1st Cir. 2005); *Millennium Mktg.*, 2009 WL 2407723, at *19; *Cardenas v. Dorel Juvenile Group, Inc.,* No. 04-2478-KHV-DJW, 2005 WL 3503625, at *2 (D. Kan. Dec. 22, 2005).

[58]*Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir.1997); *Gipson*, 2009 WL 790203 at *19; *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2008 WL 833509, at * 1 (D. Kan. Mar. 27, 2008). In a similar context, the Supreme Court has said that "substantially justified" does not mean "justified to a high degree," but only "justified in substance or in the main —that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487
(continued...)

denies in part a motion to compel, lies within the court's sound discretion, and the court must consider on a case-by-case basis whether the party's position was substantially justified or whether other circumstances make the imposition of sanctions inappropriate.[59]

The Court has granted UKHA's Motion to Compel in significant part. Furthermore, the Court finds that Plaintiff's reasons for not providing his Rule 26(a)(1) disclosures and the other discovery at issue were not substantially justified. The Court, in its discretion, therefore holds that Plaintiff should be required to pay a significant portion of the reasonable attorney's fees and expenses that UKHA incurred in bringing its Motion to Compel. To aid the Court in determining the proper amount of the award, UKHA's counsel shall file, by **June 4, 2010**, an affidavit itemizing the reasonable attorney's fees and expenses it has incurred in bringing its Motion to Compel, along with a pleading setting forth any argument counsel desires to make regarding the proper amount to be apportioned. Plaintiff shall have until **June 18, 2010** to file a response thereto. Thereafter, the Court will issue an order specifying the amount of the award and the time for payment.

### III. Summary of Ruling

The Court grants UKHA's Motion to Compel in the following respects:

(1) Plaintiff shall serve his Rule 26(a)(1) disclosures on UKHA. In addition, Plaintiff shall provide UKHA with copies of the documents described in his disclosures, or make the documents available for inspection and copying by UKHA. Plaintiff shall do so by **June 4, 2010.**

---

[58](...continued)
U.S. 552, 565 (1988) (construing government's obligations under Equal Access to Justice Act).

[59]*Millennium Mktg.*, 2009 WL 2407723, at *19; *Moss v. Blue Cross and Blue Shield of Kan.*, Inc., 241 F.R.D. 683, 699 (D. Kan. 2007) (citations omitted).

(2) Plaintiff shall respond, **without objections**, to UKHA's First Set of Interrogatories. Plaintiff shall do so by **June 4, 2010.**

(3) Plaintiff shall respond, **without objections**, to UKHA's First Requests for Production No. 1-14 and 17-27, and shall produce for inspection or copying all documents responsive to said requests. Plaintiff shall do so by **June 4, 2010.** The Court will *not* require Plaintiff to respond to First Requests for Production No. 15 and 16.

(4) Plaintiff shall appear for his deposition, to be scheduled at a later date, after the Court has ruled on KUMC's pending Motion to Dismiss.

The Court declines to dismiss Plaintiff's action as requested by UKHA. The Court does, however, find that UKHA is entitled to recover, pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), a significant portion of the reasonable attorney's fees and expenses that UKHA incurred in bringing its Motion to Compel. By **June 4, 2010**, UKHA's counsel shall file (1) an affidavit itemizing the attorney's fees and expenses that UKHA incurred in bringing its Motion to Compel, and (2) a pleading which sets forth any argument counsel desires to make regarding the amount to be apportioned. Plaintiff shall file his response thereto by **June 18, 2010.**

**IT IS THEREFORE ORDERED** that University of Kansas Hospital Authority's Motion to Compel and for Sanctions (doc. 66) is granted in part and denied in part as set forth herein.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 14th day of May 2010.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc: All counsel and *pro se* parties