DJW/1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MOHAMMAD NOROUZIAN,

                          **Plaintiff,**

                                       **CIVIL ACTION**

v.

                                       **No. 09-2391-KHV-DJW**

**UNIVERSITY OF KANSAS**
**HOSPITAL AUTHORITY, et al.,**

                          **Defendants.**

### MEMORANDUM AND ORDER

This is an action brought under Title VII of the Civil Rights Act of 1964, as amended,[1] in which Plaintiff alleges national origin discrimination and harassment. Pending before the Court is Plaintiff's Motion for Reconsideration (doc. 96-1) and Motion to Amend (doc. 96-2). Plaintiff proceeds pro se.

**I.    Motion to Amend**

Plaintiff states that he is "seeking to amend his motion to compel;"[2] however, it is clear that he is actually seeking to amend his Complaint. Plaintiff asks the Court "to include and reconsider Research Assistant Vacancy Pool/Research Assistant Job unlawful discrimination . . . as part of the plaintiff's alleged claims under D. KS Fed R CIV P 15.1 and 7.3(b).''[3] Plaintiff does not attach a copy of the proposed amended complaint.

---

[1] 42 U.S.C. § 2000e *et seq.*

[2] Pl.'s Mot. for Recons. and Motion to Amend (doc. 96) at 1.

[3] *Id.*

Plaintiff attaches to his motion a Charge of Discrimination that he filed with the Kansas Human Rights Commission, in which he asserts that he applied "for the positions of EKG Tech I and E. R. Volunteer, as well as several Research Assistant jobs," but that he was not hired.[4] He also attaches correspondence from the Equal Employment Opportunity Commission in which a representative of the Commission summarizes "the evidence" and indicates that Plaintiff was not selected for various Research Assistant positions, including those in Pathology, Center for Aging, Anatomy, Pharmacology, Urology, Neurology Pediatrics, and "HBIC."[5]

While these exhibits might be used to support Plaintiff's claims that he was denied various Research Assistant positions, these materials do not relieve Plaintiff of the obligation to provide the opposing parties and the Court a copy of his proposed amended complaint. As the Court pointed out in its May 4, 2010 Order (doc. 93) denying Plaintiff's previous Motion to Amend Complaint, D. Kan. Rule 15.1 *requires* the party seeking leave to amend to attach a copy of the proposed amended complaint to his/her motion.[6] Plaintiff's failure to provide a copy of the proposed amended complaint leaves the opposing parties and the Court without sufficient information to determine whether the proposed amendment is proper.[7] Accordingly, the Court must deny Plaintiff's Motion

---

[4]Pl.'s Mot. for Recons. and Motion to Amend (doc. 96), Exhibit 1.

[5]*Id.*, Exhibit 2.

[6]D. Kan. Rule 15.1 provides that "[a] party filing a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right must . . . attach the proposed pleading or other document . . . ."

[7]The Court notes that Plaintiff's initial Complaint, a large portion of which is handwritten, does appear to contain an allegation regarding "Research positions." *See* Compl. (doc. 1), Fact 6 at 4. A portion of that allegation, however, is illegible. Even to the extent Plaintiff merely seeks to enlarge and elaborate on this already pled allegation, it is still necessary for Plaintiff to provide a copy of the proposed Amended Complaint so that the Court and Defendants may determine the
(continued...)

to Amend without prejudice to its re-filing with a copy of the proposed Amended Complaint attached.

## II.    Motion for Reconsideration

Plaintiff seeks reconsideration of this Court's April 6, 2010 Order (doc. 84) pursuant to D. Kan. Rule 7.3. That Rule allows for reconsideration of a non-dispositive order or decision based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice."[8]

Plaintiff seeks reconsideration only as to page 1 of the Court's April 6, 2010 Order wherein the Court stated: "This is an employment discrimination action in which Plaintiff alleges that a party named 'K.U. Medical Center' ('KUMC') discriminated against him on the basis of his national origin when it failed to hire him for an 'EKG Tech 1' position and accept him for a volunteer position."[9] Plaintiff asserts that in this portion of the Order, the Court "erroneously disregarded the plaintiff's alleged claim of Research Assistant Vacancy Pool/Research Assistant job unlawful discrimination acted by the defendant K.U.M.C."[10] Plaintiff maintains that his discrimination claims relating to those Research Assistant positions should be included in his lawsuit "to prevent clerical error, injustice and proceed with fair and balance[d] judicial order."[11] Further, Plaintiff states that

---

[7](...continued)
propriety of the amendments.

[8]D. Kan. 7.3(b).

[9]April 6, 2010 Order (doc. 84) at 1.

[10]Pl.'s Mot. for Recons. and Motion to Amend (doc. 96) at 1.

[11]*Id*. at 2.

3

"a party filing a motion to amend should first follow D. KS Fed R CIV. P 7.3(b)."[12] The Court presumes that Plaintiff is referring to D. Kan. 7.3(b), which, as discussed above, deals with motions to reconsider non-dispositive motions.

Plaintiff appears to have the mistaken belief that prior to filing a motion to amend, a party must first file a motion for reconsideration. Plaintiff's mistaken belief is based on D. Kan. Rule 15.1, which states that a party filing a motion to amend must provide a concise statement of the proposed amendment, attach the proposed amended pleading, and "comply with the other requirements of D. Kan. Rules 7.1 through 7.6."[13] D. Kan. Rules 7.1, 7.2, 7.4, 7.5, and 7.6 deal with procedural issues relating to motions, briefing on motions, and oral argument. D. Kan. Rule 7.3, in contrast, deals with the completely separate topic of motions to reconsider.

Reading D. Kan. Rule 15.1 literally, as Plaintiff has done, a party moving to amend must comply with D. Kan. Rule 7.3. Plaintiff thus asks the Court to reconsider its statement on page 1 of the April 6, 2010 Order and to modify the Order to include a reference to Plaintiff's application for Research Assistant Vacancy Pool/Research Assistant jobs.

While the Court appreciates the source of Plaintiff's confusion, reconsideration is nonetheless not required here. First, despite the literal interpretation of D. Kan. Rule 15.1, the Court does not require that a party moving to amend first seek reconsideration under D. Kan. Rule 7.3. Secondly, there is no basis upon which the Court may grant reconsideration of its April 6, 2010 Order. The Court's discussion on page 1 of its Order was merely a discussion of background facts and it did not affect the Court's ultimate rulings on the numerous motions addressed in that Order.

---

[12]*Id.* at 1.

[13]D. Kan. 15.1(a)(3).

The point of that discussion was merely to point out that this is a failure to hire case in which Plaintiff claims discrimination on the basis of his national origin. The particular jobs that Plaintiff may have applied for and which Defendants may have refused to hire Plaintiff for did not determine the outcome of any of the rulings contained in that Order. Accordingly, there is no basis for the Court to grant reconsideration, and the Court will deny Plaintiff's Motion for Reconsideration.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (doc. 96-1) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (doc. 96-2) is denied without prejudice.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 25th day of May 2010.

s/ David J. Waxse

David J. Waxse
U.S. Magistrate Judge


cc:   All counsel and *pro se* parties