# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MOHAMMED NOROUZIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 09-02391-KHV |
| UNIVERSITY OF KANSAS HOSPITAL ) | |
| AUTHORITY AND KANSAS UNIVERSITY ) | |
| MEDICAL CENTER ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This is an employment discrimination action in which plaintiff alleges that Kansas University Medical Center ("KUMC") harassed and discriminated against him on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. The matter comes before the Court on the Motion to Dismiss (Doc. # 85) filed by KUMC on April 19, 2010. KUMC asserts that it has not been served with process in this litigation and that the Court therefore lacks personal jurisdiction over it. For reasons stated below, the Court overrules KUMC's motion.

## Legal Standards

Pursuant to Rule 12(b)(5), Fed. R. Civ. P., the Court may dismiss a complaint for insufficient service of process. In opposing a motion to dismiss for insufficient service of process, plaintiff bears the burden to make a prima facie case that he has satisfied statutory and due process requirements so as to permit the Court to exercise personal jurisdiction over defendant. See Bernard v. Husky Truck Stop, No. 93-2241-JWL, 1994 WL 171732, at *1 (D. Kan. Apr. 20, 1994), aff'd, 45 F.3d 439 (10th Cir. 1995). The parties may submit affidavits and other documentary evidence for the Court's consideration, and plaintiff is entitled to the benefit of any factual doubt. See id.

**Factual & Procedural Background**

On July 24, 2009, plaintiff filed his complaint against KUMC. On September 4, 2009, University of Kansas Hospital Authority ("UKHA"), a non-party, answered the complaint and asserted that it, not KUMC, was the proper entity to be sued. At that time, however, it did not move to intervene or substitute itself as the proper party defendant. On September 8, 2009, Eric E. Packel entered his appearance on behalf of defendant KUMC.

On December 17, 2009, pursuant to Rule 21, Fed. R. Civ. P., UKHA moved to substitute itself for KUMC as the proper defendant in the suit. Plaintiff did not respond to the motion and Magistrate Judge David J. Waxse sustained it as unopposed. See Order (Doc. #39). On January 11, 2009, plaintiff asked the Court to reconsider its order substituting UKHA for KUMC, asserting that he responded to UKHA's motion in motions to compel which he filed on December 17 and 21, 2009 (Docs. #28 and #29).

On April 6, 2010, Judge Waxse sustained plaintiff's motion for reconsideration. Judge Waxse was unable to determine from the factual record, however, which entity – KUMC or UKHA – to name as defendant. He therefore ordered UKHA to be joined as a co-defendant with KUMC (Doc. #84). Judge Waxse noted that while Packel had entered an appearance on behalf of KUMC, it had otherwise not responded to the suit. Judge Waxse therefore ordered KUMC to answer or otherwise respond to plaintiff's complaint by April 20, 2010. In response, KUMC filed this motion to dismiss.

**Analysis**

KUMC seeks dismissal pursuant to Rule 12(b)(5), Fed. R. Civ. P., arguing that it was not served with process and that the Court lacks personal jurisdiction over it. Plaintiff responds that an agent of KUMC signed and accepted service, and provides a receipt of the summons as evidence.

See Doc. # 88-2, filed on April 27, 2010.[1]

Under K.S.A. § 76-811(g), KUMC – "the facility and plant of the university of Kansas located in Kansas City, Kansas" – is a state agency. Rule 4(j), Fed. R. Civ. P. governs service of process upon state agencies. Under Rule 4(j)(2), plaintiff may effect service of process on a state agency – in this case, KUMC – pursuant to the methods prescribed by state law – in this case, Kansas – or by delivering a copy of the summons and complaint to the agency's chief executive officer.[2]

KUMC argues that K.S.A. § 60-304 controls.[3] Under K.S.A. § 60-304, service is made by serving either the attorney general or an assistant attorney general. KUMC argues, and plaintiff does not dispute, that plaintiff served neither the attorney general nor an assistant attorney general. KUMC therefore contends that the case should be dismissed for insufficient service of process.

Defendant's argument is without merit. Under K.S.A. § 60-203(c), filing a formal entry of appearance has the same effect as service.[4] A defendant who files a formal entry of appearance

---

[1] Plaintiff asserts that Steven Ruddick, Associate General Counsel for KUMC, signed and accepted the Court's summons. Defendant provides an affidavit from Ruddick in which he denies that the signature on the receipt is his. Regardless whether plaintiff has correctly identified the person who signed the receipt, it appears that someone signed and returned the summons on behalf of KUMC.

[2] Neither party has provided sufficient evidence for the Court to decide whether a chief executive officer of KUMC was served. The Court, however, need not resolve this factual dispute because the matter can be resolved pursuant to state law.

[3] K.S.A. § 60-304 states in relevant part as follows:

> Service of process under this article shall be made . . . upon the state or any governmental agency of the state, when subject to suit, by serving the attorney general or an assistant attorney general.

[4] K.S.A. § 60-203(c) states in relevant part as follows:

(continued...)

cannot later contest the sufficiency of service of process. Jenkins v. City of Topeka, 136 F.3d 1274, 1276 (10th Cir. 1998). Once counsel formally takes such action on defendant's behalf prior to any responsive pleading, defendants cannot thereafter contest the sufficiency of service by answer or motion. Super Film of Am. v. UCB Films, No. 02-4146-SA, 2004 WL 1732307, at *1 (D. Kan. 2004) (citing Jenkins v. City of Topeka, 136 F.3d 1274, 1276 (10th Cir. 1998)).

As noted above, counsel for KUMC filed an entry of appearance on September 8, 2009. See Doc. #10. On April 19, 2010, in response to the Court's order to answer or respond to the complaint, KUMC moved to dismiss for insufficient service of process. Because the motion was filed after the formal entry of appearance, KUMC waived its right under K.S.A. § 60-203(c) to assert insufficient service of process as grounds for dismissal. Accordingly, the defendant's motion to dismiss is denied.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. #85) filed April 19, 2010 be and hereby is **OVERRULED**.

Dated this 18th day of June, 2010, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

⁴(...continued)
> The filing of an entry of appearance shall have the same effect as service.