DJW/1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MOHAMMAD NOROUZIAN,**

        **Plaintiff,**

                      **CIVIL ACTION**

**v.**

                      **No. 09-2391-KHV-DJW**

**UNIVERSITY OF KANSAS**
**HOSPITAL AUTHORITY, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Amend Complaint (doc. 105) and "Motion to Compel Under Fed. R. Civ. P. 16(b)(4) Modifying a Schedule" (doc. 115). For the reasons set forth below, the motions are denied.

**I.**     **Motion to Amend Complaint**

Plaintiff seeks leave to amend his Complaint "to add unlawful job discrimination of Research Assistant Vacancy Pool/Research Assistant job acted by K.U. Med Center to the plaintiff's original complaints."[1] D. Kan. Rule 15.1 sets forth the procedure a party must follow in filing a motion to amend. The Rule requires the party seeking leave to amend to attach a copy of the proposed amended complaint to his/her motion.[2]

Plaintiff, who is proceeding *pro se*, does not attach a copy of his proposed amended complaint to the motion. Although Plaintiff's motion contains sections entitled "Jurisdiction and

---

[1] Pl.'s Mot. to Am. Compl. (doc. 105) at 6.

[2] D. Kan. Rule 15.1 provides that "[a] party filing a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right *must* . . . attach the proposed pleading or other document." (Emphasis added).

Venue, "Parties," and "Factual Allegations," those sections are not sufficient to apprise the Court of all of the specific allegations he wishes to assert in his amended complaint. Plaintiff's failure to provide a copy of the proposed amended complaint leaves the Court unable to determine whether the proposed amendment is proper. Accordingly, the Court must deny Plaintiff's motion without prejudice to its re-filing with a copy of the proposed amended complaint attached.

The Court notes that this is the third attempt by Plaintiff to amend his complaint. In both Orders denying Plaintiff's prior motions to amend, the Court made it clear that Plaintiff is *required*, pursuant to D. Kan. Rule 15.1, to attach a copy of the proposed amended complaint to his motions.[3] Plaintiff is cautioned that any further motion to amend his complaint will be summarily denied if he fails to attach a copy of the proposed amended complaint to the motion.

## II. "Motion to Compel Under Fed. R. Civ. P. 16(b)(4) Modifying a Schedule"

This motion is identical to the motion Plaintiff filed on June 30, 2010 (doc. 112), with the exception that Plaintiff has added a paragraph at the end of the motion in which he requests the Court "grant[] plaintiff on 7/22/2010 to have telephone conversation conference, OR informal court meeting with [JOINED] party of Defendant K.U. Med Center, BUT not [JOINED] Party of Defendant Univ. of KS Hospital Authority [aka UKHA]."[4]

In an Order dated July 1, 2010 (doc. 114), the Court denied Plaintiff's June 30, 2010 motion. For the same reasons set forth in that July 1, 2010 Order, the Court denies the instant motion. To the extent Plaintiff seeks additional relief in the form of an order permitting the July 22, 2010

---

[3]*See* May 4, 2010 Order (doc. 93); May 25, 2010 Mem. and Order (doc. 101).

[4]Pl.'s Mot. to Compel Under Fed. R. Civ. P. 16(b)(4) Modifying a Schedule (doc. 115 at 4).

2

telephone Scheduling Conference[5] to proceed without the participation of Defendant University of Kansas Hospital Authority, the motion is also denied. At the present time, both the University of Kansas Hospital Authority and KU Medical Center are Defendants in this lawsuit, and both parties must be allowed to participate in the Scheduling Conference.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion to Compel Under Fed. R. Civ. P. 16(b)(4) Modifying a Schedule" (doc. 115) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (doc. 105) is denied without prejudice.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 12th day of July 2010.

s/David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:  All counsel and *pro se* parties

---

[5] *See* June 23, 2010 Order (doc. 108) setting telephone scheduling conference for July 26, 2010 and June 30, 2010 Order (doc. 113) resetting telephone scheduling conference to July 22, 2010.