DJW/1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MOHAMMAD NOROUZIAN,

                **Plaintiff,**

v.

                CIVIL ACTION

                No. 09-2391-KHV-DJW

**UNIVERSITY OF KANSAS**
**HOSPITAL AUTHORITY, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is Defendant University of Kansas Hospital Authority's ("UKHA") Notice of Independent Medical Examination ("Notice") (doc. 138), Plaintiff's Opposition to the Notice (doc. 139), and UKHA's Response to Plaintiff's Opposition (doc. 144). For the reasons set forth below, the Court strikes the Notice, Opposition, and Response, and relieves Plaintiff of any obligation to appear for the medical examination described in the Notice.

This is an employment discrimination action in which Plaintiff proceeds *pro* se. The Notice filed by UKHA states as follows:

> Pursuant to Rule 35 of the Federal Rules of Civil Procedure, and the Court's July 26, 2010, Scheduling Order . . ., Defendant University of Kansas Hospital Authority hereby serves notice on Plaintiff Mohammad Norouzian to appear on September 17, 2010, at 1:00 p.m., at the offices of William Logan, M.D., Logan & Peterson, PC, 428 West 42nd Street, Kansas City, Missouri 64111 for the purpose of submitting to an independent medical examination by Dr. William Logan pertaining to injuries and claims (including, but not limited to emotional distress damages) which are the subject of Plaintiffs' Complaint in this lawsuit.[1]

---

[1] Notice (doc. 138) at 1.

Plaintiff filed his Opposition to the Notice, asserting that he has not placed his physical and mental condition in controversy. He also argues that UKHA has not shown a legitimate need for any examination. UKHA filed a response to Plaintiff's Opposition, asserting that Plaintiff has placed his mental condition in controversy because his Complaint seeks emotional distress damages and because he has identified physical ailments that he claims he suffers as a result of the claimed discrimination.

The Scheduling Order in this case sets a September 17, 2010 deadline for completing all Rule 35 examinations. The Scheduling Order provides as follows:

> The parties shall complete all Fed. R. Civ. P. 35 physical or mental examinations by September 17, 2010. If the parties disagree about the need for or the scope of such an examination, a formal motion shall be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties and decided by the court before the examination deadline.[2]

UKHA filed its Notice on September 8, 2010, only eight days prior to the scheduled examination.

## II. Discussion

Federal Rule of Civil Procedure 35 governs physical and mental examinations of parties. Pursuant to Rule 35, "[t]he court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."[3] The Rule provides that the order "may be made *only on motion* for good cause and on notice to all parties and the person to be examined."[4]

---

[2] July 26, 2010 Scheduling Order (doc. 128) ¶ 1.i.

[3] Fed. R. Civ. P. 35(a)(1).

[4] Fed. R. Civ. P. 35(a)(2)(A) (emphasis added).

The Supreme Court *in Schlagenhauf v. Holder*,[5] interpreted Rule 35 to mean that the moving party must make "an affirmative showing . . . that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination."[6] This burden cannot be met by "mere conclusory allegations of the pleadings" or by "mere relevance to the case."[7]

Taking into consideration the express language of Rule 35 and the Scheduling Order in this case, it is clear that where the parties disagree regarding the need for, or scope of, a Rule 35 examination, the party seeking the examination must file a formal motion for such an examination. It is also clear under the Supreme Court's decision in *Schlagenhauf* that the Court will not order an examination unless the movant affirmatively demonstrates good cause for such an examination. Finally, the Scheduling Order in this case requires that the motion be filed sufficiently in advance of the Scheduling Order deadline to allow full briefing by the parties and adequate time for the Court to review the briefing and rule on the motion *prior to* expiration of the deadline.

UKHA has failed to satisfy these requirements. UKHA has filed no motion. Its Notice simply states that Plaintiff is to appear on September 17, 2010 for his physical examination. The Court cannot construe the Notice to be a motion, as it does not request that the Court enter an order directing Plaintiff to appear for an examination. Even assuming *arguendo* that the Court could UKHA's Notice as a motion, the Notice fails to make the requisite "affirmative showing" of "good cause" for such an examination.

---

[5]379 U.S. 104 (1964).

[6]*Id*. at 118.

[7]*Id.*

For these reasons, the Court finds UKHA's Notice to be of no legal effect. The Court will therefore strike the Notice, Plaintiff's Opposition, and UKHA's Response. Furthermore, the Court notes that even if UKHA were to file an appropriate motion at this late date, it would not be timely since it would be impossible for the motion to be fully briefed and considered by the September 17, 2010 deadline. Because no motion has been filed and no timely motion can be filed, the Court need not consider Plaintiff's objections to the examination. The Court will therefore also strike Plaintiff's Opposition and UKHA's Response.

**IT IS THEREFORE ORDERED** that Defendant University of Kansas Hospital Authority's Notice of Independent Medical Examination (doc. 138) is stricken, and Plaintiff need not appear for the medical examination set forth in said Notice.

**IT IS FURTHER ORDERED** that Plaintiff's Opposition (doc 139) and Defendant University of Kansas Hospital Authority's Response (doc. 144) are also stricken.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 14th day of September 2010.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties