# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MOHAMMAD NOROUZIAN,**

                **Plaintiff,**

                                                     **CIVIL ACTION**

**v.**

                                                       **No. 09-2391-KHV-DJW**

**UNIVERSITY OF KANSAS**
**HOSPITAL AUTHORITY, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Order (doc. 146), which seeks to compel the mental examinations of the attorneys representing Defendant University of Kansas Hospital Authority ("UKHA"), Robert Hingula and Eric Packel. Plaintiff also seeks to compel the mental examination of Lisa Ward, who Plaintiff asserts is UKHA's Assistant Director for Human Resources. For the reasons set forth below, the motion is denied.

**I.    Nature of the Matter Before the Court and Background Information**

This is an employment discrimination action in which Plaintiff proceeds *pro* se. On September 8, 2010, UKHA filed a Notice of Independent Medical Examination, which directed Plaintiff to appear for a medical examination. In opposing that Notice, Plaintiff makes the instant request that UKHA's attorneys and Assistant Director of Human Resources appear for their own examinations.

In his motion, Plaintiff asks the Court to "step in and evaluate Mr. Hingula, Mr. Packel and Ms. Lisa Ward and Defendants mental condition to get information of above individuals that whether these above individuals have shown normal reaction to stress or whether above individuals

are mentally incompetent to decide about others emotional distress. Since it is not fair to call plaintiff emotionally distressed."[1] Plaintiff asserts that these individuals exhibited signs of nervousness and emotional distress at the December 22, 2009 Settlement Conference which they attended on behalf of UKHA. He contends this alleged behavior is sufficient cause for requiring them to undergo mental examinations.

## II. Discussion

### A. Applicable Law

Federal Rule of Civil Procedure 35 governs physical and mental examinations. Pursuant to subsection (a)(1) of Rule 35, "[t]he court where the action is pending may order *a party* whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."[2] Subsection (a)(1) also provides that a court may "order a party to produce for examination *a person who is in its custody or under its legal control*."[3]

### B. Request for Examination of UKHA Employee Lisa Ward

The Court cannot find that Lisa Ward's mental condition is "in controversy" as required by Rule 35(a)(1). Furthermore, it is UKHA, and not Lisa Ward, that is the party defendant in this case. Consequently, even assuming *arguendo* that the Court were to find that Ms. Ward's mental condition to be "in controversy," the Court could not order the examination of Ms. Ward because she is not a party.

---

[1] Pl.'s Mot. for Order and Reply to Resp. to Pl.'s Objection to Independent Medica Examination (doc. 146) at 2.

[2] Fed. R. Civ. P. 35(a)(1) (emphasis added).

[3] *Id.* (emphasis added).

The only other basis for the Court to order the examination of Ms. Ward would be if she is deemed to be a person who is in UKHA's "custody" or under UKHA's "legal control." Case law, however, makes it clear that employees of parties are not deemed to be persons within a party's "custody" or "legal control" within the meaning of Rule 35. In *Lewis v. Herrman's Excavating, Inc.*,[4] this Court refused to order the examination of a defendant's employee, even where the employee's condition was "in controversy" and "critically important" to the plaintiff's claims.[5] The Court held: "It seems fairly well established from the history of Rule 35 that an employee is not in an employer's 'custody' or 'legal control.'"[6] The Court in *Lewis* recognized that although some proposals have been made to expand the scope of Rule 35 to include employees of a party, such proposals have been rejected.[7] Furthermore, the Court noted that "the purpose of the 'person in the custody or under the legal control of a party' language in Rule 35 is to provide a court with a vehicle to order a parent or guardian suing for personal injuries on behalf of a minor to produce the minor for examination."[8] It is not intended to apply to employees of a party.[9]

---

[4] 200 F.R.D. 657 (D. Kan. 2001).

[5] *Id.* at 660-61.

[6] *Id.* (citing Fed. R. Civ. P. 35(a), Advisory Committee's Note 1970 (noting that the 1970 amendment to Rule 35 "makes no reference to employees of a party, and further noting that provisions relating to employees in corresponding state statutes had gone virtually unused").

[7] *See id.* at 661 (citing James W. Moore, et al., *Moore's Federal Practice* ¶ 35.06 at 35-25 (3d ed. 1997)).

[8] *Id.*

[9] *Id.*; *see also* 8B Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice & Procedure* § 2233 (3d ed. 2010) at 251 ("The 1970 amendment [allowing Rule 35 exams of persons in the custody of or legal control of a party] does not authorize the examination of a person merely because he is an agent or employee of a party").

In light of this well established law, the Court must deny Plaintiff's request for an order compelling the mental examination of Lisa Ward.

### C. Request for Examination of UKHA's Attorneys

The Court must also deny Plaintiff's request for an order compelling the mental examinations of UKHA's attorneys, Robert Hingula and Eric Packel. The Court does not find that either attorney's mental condition is "in controversy" in this case. Even if their conditions were in controversy, UKHA's attorneys are not "parties" in this case. Furthermore, no case law stands for the proposition that a party's attorneys are within the "custody" or "legal control" of a party for purposes of requiring an examination under Rule 35.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Order (doc. 146) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 15th day of September 2010.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties