DJW/1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MOHAMMAD NOROUZIAN,**

      **Plaintiff,**

                 **CIVIL ACTION**

v.

                 **No. 09-2391-KHV-DJW**

**UNIVERSITY OF KANSAS
HOSPITAL AUTHORITY, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court are two Motions to Quash (ECF Nos. 154 & 155) filed by Plaintiff concerning subpoenas served by Defendant University of Kansas Hospital Authority ("UKHA"). The first Motion to Quash (ECF No. 154) seeks, pursuant to Fed. R. Civ. P. 45(c)(3), to quash subpoenas that UKHA served on the "Univ. of Central Missouri" and "Penn Valley College" on or about September 13, 2010.[1] The second Motion to Quash (ECF No. 155) seeks to quash subpoenas that UKHA served on "North Western University Hospital, Chicago University Medical Center" and "Resurrection Medical Center in Chicago, IL."[2] In addition, both motions move, pursuant to Fed. R. Civ. P. 26(c), for a protective order to prevent discovery of the requested employment records.[3]

---

[1] Pl.'s First Mot. to Quash (ECF No. 154) at 1.

[2] Pl.'s Second Mot. to Quash (ECF No. 155) at 1.

[3] *See id.* at 3; Pl.'s First Mot. to Quash (ECF No. 154) at 3.

The Court denies these motions for two reasons. First, Plaintiff's motions fail to comply with D. Kan. Rule 37.1, which states that all "[m]otions under Fed. R. Civ. P. 45(c) directed at subpoenas must be accompanied by a copy of the subpoena in dispute."[4] No subpoenas are attached to Plaintiff's motions.

Secondly, Plaintiff's motions fail to comply with Fed. R. Civ. P. 26(c)(1), which states that all motions for Rule 26(c) protective orders "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."[5] This Court requires such certifications to "describe with sufficient particularity the parties' efforts to resolve th[e] dispute" and show that the parties in good faith conversed, conferred, compared views, consulted and deliberated regarding the dispute or made a good faith attempt to do so.[6]

Here, the motions fail to contain any certification describing the steps taken to resolve the issues and fail to show that Plaintiff and UKHA's counsel have conversed, compared views, deliberated, or consulted with one another, as required by the above-cited rules. Accordingly, the Court must decline to entertain Plaintiff's motions and will deny them. Said denial shall be *without prejudice* to Plaintiff refiling the motions after he and UKHA's counsel have conferred or made a reasonable effort to confer in accordance with the above-cited rules. Plaintiff and counsel for

---

[4]D. Kan. Rule 37.1.

[5]Fed. R. Civ. P. 26(c)(1).

[6]*See, e.g., Fanning v. Sitton Motor Lines, Inc.*, No. , 2009 WL 1587671, at *1 (D. Kan. June 8, 2009); *Semsroth v. City of Wichita,* No. 06-2376-KHV-DJW, 2007 WL 442161, at *1 (D. Kan. Dec. 17, 2007).

UKHA shall confer by **October 1, 2010**, and any renewed motion to quash and for protective order shall be filed by **October 8, 2010.**

**IT IS THEREFORE ORDERED** that Plaintiff's Motions to Quash (ECF Nos. 154 & 155) are denied without prejudice to Plaintiff refiling the motions after Plaintiff has satisfied his duty to confer in accordance with this Order.

**IT IS FURTHER ORDERED** that Plaintiff and counsel for UKHA shall confer regarding the issues raised in Plaintiff's Motions to Quash by **October 1, 2010**, and any renewed motion relating to these subpoenas shall be filed by **October 8, 2010.**

**IT IS FURTHER ORDERED** that copies of the subpoenas at issue shall be attached to any renewed motion(s) that Plaintiff may file.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 22nd day of September, 2010.

s/David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc: All counsel and *pro se* parties