DJW/1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MOHAMMAD NOROUZIAN,**

              **Plaintiff,**

                                            CIVIL ACTION

v.

                                            No. 09-2391-KHV-DJW

**UNIVERSITY OF KANSAS**
**HOSPITAL AUTHORITY, et al.,**

              **Defendants.**

## MEMORANDUM AND ORDER

This is an employment discrimination action in which Plaintiff proceeds *pro* se. Pending before the Court is Plaintiff's Motion to Compel (ECF No. 165). In actuality, this pleading is not a motion to compel but rather a motion that seeks an order explaining the Clerk of the Court's alleged failure to timely notify Plaintiff of his right to consent to a magistrate judge exercising jurisdiction over this case.

In support of his motion, Plaintiff states that he filed his lawsuit on July 24, 2009 but that he did not receive notice of his right to consent to magistrate jurisdiction more than two months later, when the Court issued its September 30, 2009 Order Setting Scheduling Conference (ECF No. 11). Plaintiff argues that pursuant to 28 U.S.C. § 636(c)(2), he should have received this notice at the time he filed his lawsuit.

Title 28, United States Code, Section 636(c)(2) provides that "[i]f a magistrate judge is designated to exercise civil jurisdiction under paragraph (1) of this subsection,[1] the clerk of court

---

[1]"Paragraph (1) of this subsection" refers to 28 U.S.C.§ 636(c)(1), which states that a magistrate judge may exercise jurisdiction over a case with the consent of the parties when that
(continued...)

shall, *at the time the action is filed*, notify the parties of the availability of a magistrate judge to exercise such jurisdiction."[2] This District's Rules of Practice and Procedure also provide that a plaintiff will receive notice of the right to consent at the time the lawsuit is filed. D. Kan. Rule 72.1.3(a)(2) states that "*[a]t the time an action is filed*, the clerk will send notice to the plaintiff or his or her representative that they may consent to have a magistrate judge conduct any or all proceedings in the case and order the entry of a final judgment."[3]

At the time Plaintiff filed his lawsuit, he should have received a copy of this Court's Pro Se Guide.[4] Part 4 of the Pro Se Guide provides in relevant part:

> The clerk's office assigns the case a number that must appear on all documents. The case will randomly be assigned to two judges – a district judge and a magistrate judge. You cannot choose your judges. The district judge may refer your case to the magistrate judge to handle different stages of your case leading up to the trial of your case. The magistrate judge may handle the entire case if all of the parties in the caseconsent to having the magistrate judge handle the entire case. See Rule 73 of the Federal Rules of Civil Procedure and Local Rule 72.1.1(h). In such cases, the district judge will take no part in the case. The clerk's office can provide you with the form to have your case handled by a magistrate judge or you may get a copy of the form from the court's website.[5]

Thus, it appears to the Court that Plaintiff was notified of his right to consent to the exercise of magistrate judge jurisdiction at the time the lawsuit was filed.

---

[1](...continued)
magistrate judge has been "specially designated to exercise such jurisdiction by the district court or courts he serves." The undersigned magistrate judge has been so designated.

[2]28 U.S.C. § 636(c)(2) (emphasis added).

[3]D. Kan. Rule 72.1.3(a)(2) (emphasis added).

[4]This information is also available on the District's website (www.ksd.uscourts.gov).

[5]Pro Se Guide, Part 4 at 19. A copy of p. 19 of the Pro Se Guide is attached to this Order.

Even if for some unknown reason Plaintiff did not receive a copy of the Pro Se Guide at the time he filed his lawsuit, it is undisputed that Plaintiff received a copy of the Court's September 30, 2009 Order Setting Scheduling Conference, and within that Order, the parties were specifically directed to discuss whether each would "[c]onsent to trial before a U.S. Magistrate Judge, either at this time or as a backup if the assigned U.S. District Judge determines that his or her schedule is unable to accommodate the scheduled trial date."[6] The Order also states that "[t]he parties should note that magistrate judges may preside over jury trials."[7]

Even assuming for argument's sake that this September 30, 2009 Order was the first notice of the right to consent that Plaintiff received, he cannot show any prejudice by this slight delay. A magistrate judge may exercise jurisdiction over an entire case *only if all parties consent*,[8] and, even then, all parties must signify their consent by filing, either jointly or separately a statement consenting to the magistrate judge's exercise of jurisdiction.[9] No statement or statements of consent

---

[6] ECF No. 11, ¶ 11 at 3-4.

[7] *Id.* at 4.

[8] Fed. R. Civ. P. 73(a) expressly provides that "[w]hen authorized under 28 U.S.C. § 636(c), a magistrate judge may, *if all parties consent*, conduct a civil action or proceeding, including a jury or nonjury trial." (Emphasis added.) *See also Norris v. Schotten*, 146 F.3d 314, 325 (6th Cir. 1998) ("§ 636(c) requires valid consent from all parties . . . ."); *Mark I, Inc. v. Gruber*, 38 F.3d 369, 370 (7th Cir. 1994) ("Magistrate judges may conduct civil trials and enter final judgments, if all of the parties consent.").

[9] *See* Fed. R. Civ. P 73(b)(1) ("To signify their consent, the parties must jointly or separately file a statement consenting" to the magistrate judge's exercise of jurisdiction over the action.). *See also Gomez v. Vernon*, 255 F.3d 1118, 1126 (9th Cir. 2001) (absent written consent of all parties, a magistrate judge has no authority to exercise jurisdiction over a case to enter judgment).

have ever been filed in this case. Furthermore, Defendants made it clear in the Reports of Parties' Planning Conferences that they are not interested in consenting.[10]

In short, even if Plaintiff did not receive notice of the right to consent to the exercise of magistrate jurisdiction until a few months after he filed his lawsuit, he was not prejudiced by that short delay because all parties must consent, and Defendants have made it clear that they do not consent. Accordingly, the Court must deny Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (ECF No. 165) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 8th day of October 2010.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge


Attachment:    Pro Se Guide, Part 4 at p. 19

cc:    All counsel and *pro se* parties

---

[10]The November 2, 2009 Report of Parties' Planning Conference submitted by Defendant University of Kansas Hospital Authority states in ¶ 7.e. that "[t]he parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time." Furthermore, the July 12, 2010 Report of Parties' Planning Conference, which was submitted by Defendants after the Court ruled Defendant KUMC was a party defendant in the case, also states in ¶ 7.e. that "[t]he Defendants are not prepared to consent to trial by a U.S. Magistrate Judge at this time."