IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MOHAMMAD NOROUZIAN,**

**Plaintiff,**

v.

**CIVIL ACTION**

**No. 09-2391-KHV-DJW**

**UNIVERSITY OF KANSAS
HOSPITAL AUTHORITY, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER
AND
ORDER TO SHOW CAUSE TO PLAINTIFF**

This is an employment discrimination action in which Plaintiff alleges that he was unlawfully denied employment and a volunteer position with Defendant KU Medical Center ("KUMC") and harassed on the basis of his national origin by KUMC employees.

A motion hearing was held in this case on October 27, 2010 ("Motion Hearing") to consider the following motions:

(1) Plaintiff's Motion to Quash Subpoenas (ECF No. 170);

(2) Plaintiff's Motion to Strike Protective Order (ECF No. 171);

(3) Plaintiff's Motion to Enforce Rule 26 Disclosures (ECF No. 179); and

(4) Defendant University of Kansas Hospital Authority's ("UKHA") Motion for Sanctions, or in the Alternative, to Compel (ECF No. 177).

Plaintiff, who proceeds pro se, did not appear at the hearing.[1] UKHA appeared through counsel Robert J. Hingula and Eric E. Packel, and through its representative, Lisa Ward. Defendant KUMC appeared through counsel John C. McFadden. This Order will memorialize the Court's oral rulings.

**I.  Plaintiff's Motion to Quash Subpoenas (ECF No. 170)**

In this motion, Plaintiff seeks to quash subpoenas served by UKHA on Northwestern University, Resurrection Medical Center, University of Chicago Medical Center, Central American Health Science University School of Medicine, Bethany Medical Center, Liberty Hospital, St. Luke's Health Systems, Penn Valley College, Central Missouri State University, and KCI Shuttle. The subpoenas sought to obtain employment records, volunteer records, education records, and/or school transcripts regarding Plaintiff.

At the Motion Hearing, counsel for UKHA advised the Court that the subpoenaed parties had already complied with the subpoenas and had provided the requested records to UKHA. The Court therefore finds the motion to be moot.

---

[1] The Court issued an Order on October 22, 2010 (ECF No. 182) setting the Motion Hearing for October 27, 2010 at 9:30 a.m. On October 25, 2010, Plaintiff filed a motion to stay the hearing (ECF No. 187), which the Court denied in an Order (ECF No. 188) filed that same day. A Court staff member contacted Plaintiff by telephone on October 26, 2010 to inform Plaintiff that his motion to stay had been denied and that he was expected to attend the hearing as scheduled. Plaintiff informed the staff member that he would not be attending irrespective of any Court order.

**II.     Plaintiff's Motion to Strike Protective Order (ECF No. 171)**

In this motion, which Plaintiff has entitled "Plaintiff Opposition Motion to Protective Order," Plaintiff asks the Court to strike the Protective Order entered on December 29, 2009 (ECF No. 32). On that date, the Court granted in part UKHA's Motion for Protective Order and entered in significant part the Protective Order proposed by UKHA.[2] The Court so ruled after considering the arguments asserted by Plaintiff in two pleadings he filed opposing the Protective Order (*see* ECF Nos. 18 & 20). Generally speaking, the Protective Order prohibits the parties from using certain confidential documents for purposes other than prosecution or defending this action and from disclosing them to certain non-parties.

Plaintiff asks the Court to strike the Protective Order because it "put[s] blanket on [Defendants'] unlawful acts and refusal disclosure of relevant information and documents to plaintiff in which these information are part of plaintiff's discovery."[3] The Court presumes Plaintiff is arguing that the Protective Order improperly allows Defendants to withhold documents from Plaintiff that are relevant to this case. The Court disagrees and finds that the Protective Order is narrowly tailored to limit the disclosure and dissemination of confidential information to non-parties and that it does not in any way allow Defendants to improperly withhold relevant materials from Plaintiff.

Furthermore, the Court finds Plaintiff's motion to be an untimely attempt to seek reconsideration of the Court's December 29, 2009 Order. D. Kan. Rule 7.3 makes it clear that any motion seeking reconsideration of a non-dispositive order such as the Order entering the Protective

---

[2]*See* December 29, 2009 Mem. & Order (ECF No. 32) granting in part UKHA's Motion for Protective Order and entering Protective Order.

[3]Pl.'s Mot. to Strike Protective Order (ECF No. 171) at 1.

Order must be filed within fourteen days after the order is filed.[4] Plaintiff's motion is clearly out of time.

In light of the foregoing, the Court denies Plaintiff's Motion to Strike.

**III.     Plaintiff's Motion to Enforce Rule 26 Disclosures (ECF No. 179)**

In this motion, Plaintiff asks the Court to compel Defendants to produce, as part of their 26(a)(1) disclosures, various documents, including Plaintiff's "applications filed with Defendant [KUMC] for Research Assistant Vacancy Pool/Research Assistant Jobs," videotapes of Plaintiff at the KUMC library, a blood test and chest X-ray of Plaintiff, and a letter that UKHA allegedly sent to the Federal Bureau of Investigation regarding Plaintiff.[5]  Plaintiff also asks the Court to compel UKHA to "admit[], accept and confess to alleged claims of this plaintiff against Defendant UKHA in writing, signed and notarized by authorities of Defendant UKHA."[6] In addition, Plaintiff asks the Court to compel KUMC to provide "[d]isclosure answers of interrogatory question . . . with out objection and in a good faith and honest to goodness under oath that if Defendant [KUMC] lies about any subject matter, they will be held in contempt of this court Rules and Procedures."[7]

The Court denies Plaintiff's motion for various reasons. First, the Court finds that Plaintiff failed to confer with Defendants, as required by Federal Rule of Civil Procedure 37(a)(1), prior to filing his motion. That rule provides in pertinent part: "[A] party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith

---

[4]D. Kan. Rule 7.3(b) provides as follows: "Parties seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed unless the court extends the time."

[5]Pl.'s Mot. to Enforce Rule 26 Disclosures (ECF No. 179) at 3.

[6]*Id*.

[7]*Id*.

4

conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[8] Thus, the Rule requires the movant "to make a good faith attempt to resolve the discovery dispute before filing a motion to compel discovery responses."[9]

Here, Plaintiff provides no such certification nor does he indicate in the body of his motion that he took any steps to confer with Defendants' counsel regarding these issues. Thus, Plaintiff does not meet the certification requirement. More importantly, it appears that Plaintiff failed to undertake any steps to resolve this dispute before filing his motion, which appears to be a repeated failure on Plaintiff's part.[10]

Plaintiff's motion also fails on a substantive level, for various reasons. With respect to documents and other tangible things (such as videotapes), Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires only that a party provide to the other parties in the lawsuit "a copy—or a

---

[8]Fed. R. Civ. P. 37(a)(1).

[9]*Fields v. Huffman*, No. 07-3310-JTM-DJW, 2009 WL 3053850, at *1 (D. Kan. Sept. 18, 2009) (quoting *Lohmann & Rauscher, Inc. v. YKK (U.S.A.), Inc*., No. 05-2369-JWL, 2007 WL 677726, at *2 (D .Kan. Mar. 2, 2007)).

[10]For example, in December 2009, Plaintiff filed three motions to compel (ECF Nos. 21, 28 & 29), which the Court denied for failure to comply with the conferring and certification requirements of Federal Rule of Civil Procedure 37(a)(1) and D. Kan. Rule 37.2 (*see* December 29, 2009 Order (ECF No. 31)). The Court's December 29, 2010 Order laid out the conferring and certification requirements for Plaintiff and instructed Plaintiff to satisfy those requirements before filing any renewed motions to compel. Plaintiff filed another motion to compel (ECF No. 34 ) in late December 2009 and again failed to follow the certification and conferring requirements. The Court denied that motion in a January 6, 2010 Order (ECF No. 38) for failure to meet those requirements. In addition, Plaintiff did not satisfy the conferring requirements when he filed two motions seeking protective orders and to quash subpoenas (ECF Nos. 254 & 155). The Court was forced to deny those motion without prejudice in a September 22, 2010 Order (ECF No. 157) based on Plaintiff's failure to confer.

5

description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and *may use to support its claims or defenses, unless the use would be solely for impeachment*."[11] Defendants assert that they have already disclosed to Plaintiffs the documents and other materials they may use to support their claims and defenses and that they are not withholding any documents or other materials that they are required to disclose under the Rule.

Only the disclosing party is in a position to determine what documents or materials it has in its possession, custody or control that it "may use to support its claims or defenses," and, thus, it is up to Defendants in this case to determine what documents and materials to disclose. Nothing in the record leads the Court to believe that Defendants have improperly withheld documents or other materials from Plaintiff or otherwise not satisfied their Rule 26(a)(1) disclosure obligations. Thus, the Court denies Plaintiff's motion to the extent Plaintiff asks the Court to compel Defendants to disclose certain documents and tangible items.

The Court also denies the motion to the extent Plaintiff seeks to compel UKHA to "admit, accept and confess to" Plaintiff's claims. No Federal Rule of Civil Procedure or case law supports such a request for relief. Finally, the Court denies the motion to the extent Plaintiff seeks to compel KUMC to provide "disclosure answers of interrogatory question . . . with out objection and in a good faith." Plaintiff served his interrogatories on KUMC on October 4, 2010. KUMC's responses are

---

[11]Fed. R. Civ. P. 26(a)(1)(A)(ii).

not due until thirty-three days after service, i.e., until November 6, 2010.[12] Any motion to compel answers to those interrogatories at this time is simply premature.

For these reasons, Plaintiff's Motion to Enforce Rule 26 Disclosures is denied. Having denied the motion, the Court must now consider UKHA's request for expenses and attorney's fees. Federal Rule of Civil Procedure 37(a)(5)(B) governs the award of expenses and fees when a motion to compel is denied. That rule provides as follows:

> If the motion [to compel] is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.[13]

Thus, if the motion to compel was "substantially justified," no expenses or fees may be awarded. A motion to compel is deemed "substantially justified" within the meaning of Rule 37 if it is "justified to a degree that could satisfy a reasonable person" or where "reasonable people could differ as to the appropriateness" of the motion.[14]

The Court does not find Plaintiff's motion to be substantially justified, and, in fact, finds the motion to be frivolous. Furthermore, the Court is not aware of any circumstance that would make an award of expenses unjust.[15] The Court therefore holds that UKHA is entitled to recover from

---

[12] Fed. R. Civ. P. 33(b)(2) provides that the responding party must serve its responses and any objections within thirty days after being served with the interrogatories. Fed. R. Civ. P. Fed. R. Civ. P. 6(d) adds three days to that thirty-day period when the interrogatories are served pursuant to Rule 5(b)(2)(C), (D), (E), or (F).

[13] Fed. R. Civ. P. 37(a)(4)(B).

[14] *See In re Urethane Antitrust Litig.*, No. 04-MD-1616-JWL-DJW, 2008 WL 110896, at *3 (D. Kan. Jan. 8, 2008) (citations omitted).

[15] Furthermore, the Court finds that Plaintiff has been given "an opportunity to be heard" as
(continued...)

Plaintiff the reasonable expenses it incurred in opposing the motion, including its attorney's fees. To aid the Court in determining the proper amount of the award, UKHA's counsel shall file, by **November 12, 2010**, a pleading that sets forth the amount of expenses and fees it seeks to recover and an affidavit itemizing those expenses and fees. Plaintiff shall have until **November 29, 2010** to file an opposition to UKHA's pleading and affidavit. Thereafter, the Court will issue an order specifying the amount of the award and the time for payment.

### IV.  UKHA's Motion for Sanctions, or in the Alternative, to Compel (ECF No. 177)

This motion requests that the Court issue an order dismissing UKHA from the lawsuit with prejudice due to Plaintiff's refusal to be deposed in this matter and his alleged disregard for the Federal Rules of Civil Procedure and this Court's May 14, 2010 Order granting in part UKHA's Motion to Compel (ECF No. 97). In the alternative, UKHA asks the Court to (1) order Plaintiff to attend his deposition to be scheduled at a time agreeable to the parties, and (2) extend the discovery deadline and other pretrial deadlines by thirty days to allow UKHA to depose Plaintiff. Under either ruling, UKHA requests that Plaintiff be ordered to pay UKHA the reasonable attorney's fees and expenses it incurred in bringing this motion.

The facts relevant to UKHA's motion are as follows: On September 24, 2010, UKHA filed a notice to take Plaintiff's deposition on October 14, 2010 beginning at 9:00 a.m. (*see* ECF No. 164). This notice was filed after UKHA's counsel made several unsuccessful attempts to speak to Plaintiff to schedule a mutually agreeable date to conduct Plaintiff's deposition. On October 13,

---

[15](...continued)
required by Rule 37(a)(4)(B) because Plaintiff had the opportunity to address UKHA's request for expenses and fees at the Motion Hearing. That Plaintiff chose to not attend that hearing is immaterial.

2010, UKHA's counsel left a voice mail message for Plaintiff and e-mailed Plaintiff to remind him of his scheduled deposition.

On October 13, 2010 at 4:11 p.m., Plaintiff filed a pleading entitled "Opposition Motion to Defendant University of KS Hospital Authority (aka UKHA) Oral Deposition of Plaintiff" (ECF No. 175) ("Opposition"). In his Opposition, Plaintiff asserted that his deposition should not go forward because UKHA had allegedly failed to provide its Rule 26(a)(1) disclosures to Plaintiff. Plaintiff also asserted that the deposition should not go forward because the Court had not ruled on his earlier objections to Plaintiff's deposition, which Plaintiff filed in February and March of 2010 (see ECF Nos. 59 & 62). In those objections, Plaintiff argued that Defendants should not be allowed to depose Plaintiff until they signed his proposed Protective Order.

The electronic notice of filing of Plaintiff's Opposition was issued at 6:58 a.m. on October 14, 2010, the day Plaintiff's deposition was scheduled to begin. The electronic notice was Defendants' first notice that Plaintiff opposed the deposition.

On October 14, 2010, at approximately 8:00 a.m., after UKHA's counsel received the electronic notice of Plaintiff's Opposition, UKHA's counsel attempted to contact Plaintiff by telephone to advise Plaintiff that the filing of his objections did not excuse Plaintiff from attending his deposition. UKHA's counsel was unable to reach Plaintiff, but left a voice mail message to that effect. Plaintiff did not appear for his deposition nor did he contact Defendants' counsel.

The Court finds that Plaintiff's deposition was properly and timely noticed pursuant to Federal Rule of Civil Procedure 30(b). Further, the Court finds that Plaintiff's Opposition did not stay the deposition or relieve Plaintiff of the obligation to appear for his deposition. Indeed, Plaintiff's failure to appear for his properly noticed deposition was in clear violation of this Court's May 14, 2010 Order (ECF No. 97). In that Order, the Court granted UKHA's March 10, 2010

9

motion to compel Plaintiff's deposition, which at the time had been noticed for March 25, 2010. The Court expressly considered the objections Plaintiff asserted in response to UKHA's deposition notice (ECF Nos. 59 & 62),[16] which Plaintiff asserts in his current Opposition that the Court has never considered or ruled upon.

The Court noted in its May 14, 2010 Order that the March 25, 2010 date for which Plaintiff's deposition was noticed had already passed and that typically the Court would direct Plaintiff to appear for his deposition at a mutually agreeable time in the near future.[17] The Court further noted, however, that it would not direct the deposition to take place immediately because KUMC had filed a motion to dismiss and the Scheduling Order had been vacated pending a ruling on that motion. The Court's Order, however, made it clear that UKHA had the right to depose Plaintiff and that Plaintiff was obligated to appear for his deposition once it was noticed.[18] The Court therefore finds that Plaintiff's failure to appear for his deposition on October 14, 2010 directly violated the Court's May 14, 2010 Order.

Plaintiff's violation of that Court Order entitles Defendant to sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A). Under that rule, the Court may issue any number of "just orders" as sanctions.[19] The Court will address the appropriate sanction in the discussion below.

Furthermore, the Court finds that the objections Plaintiff asserted in his Opposition were frivolous and in violation of Federal Rule of Civil Procedure 26(g)(1). That rule provides that "[e]very . . . discovery request, response, or objection must be signed by . . . the party personally,

---

[16] *See* May 14, 2010 Mem. & order (ECF No. 97) at 7, 11.

[17] May 14, 2010 Mem. & Order (ECF No. 97) at 15.

[18] *See id.* at 15, 18.

[19] Fed. R. Civ. P. 37(b)(2)(A).

10

if unrepresented . . . ."[20] Rule 26(g)(1) further provides that by signing the request, response or objection:

> [The] party certifies to the best of the person's knowledge, information, and belief formed after a reasonable inquiry . . . with respect to a discovery request, response, or objection, it is:
>
> > (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law [and]
> >
> > (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . .[21]

Rule 26(g)(3) provides the sanction for an improper certification that violates Rule 26(g)(1). It states that if a party or attorney's certification is made in violation of Rule 26(g) and "without substantial justification," the court "on motion or on its own must impose an appropriate sanction on the signer."[22]

The Court finds that the objections Plaintiff asserted in his Opposition to be unwarranted by existing law and not supported by any nonfrivolous argument to extend, modify, or reverse existing law. Furthermore, the objections are not supported by any argument for establishing any new law. Also, the objections are virtually the same objections that Plaintiff raised when UKHA initially noticed his deposition for March 25, 2010 (*see* ECF Nos. 59 & 61), which the Court considered and overruled in its May 14, 2010 Order compelling Plaintiff to appear for his deposition. Certainly, the objections that Plaintiff asserts in his Opposition provide no new valid grounds for staying or preventing his deposition, which the Court already determined in its May 14, 2010 Order that

---

[20]Fed. R. Civ. P. 26(g)(1).

[21]Fed. R. Civ. P. 26(g)(1)(B)(i)-(ii).

[22]Fed. R. Civ. P. 26(g)(3).

11

UKHA was entitled to take. If Plaintiff had legitimate reasons for appealing the Court's May 14, 2010 Order, then Plaintiff should have filed a timely motion to reconsider that Order[23] or timely sought review with the District Judge.[24] Plaintiff cannot wait five months to seek reconsideration or review of that Order. For these reasons, the Court is of the opinion that the objections Plaintiff asserted in his Opposition were made in violation of Rule 26(g)(1) and without substantial justification, which subjects Plaintiff to sanctions under Rule 26(g)(3).[25]

Having found that Plaintiff's Opposition subjects him to sanctions under Rule 26(g)(3) and that Plaintiff's failure to comply with the Court's May 14, 2010 Order compelling Plaintiff to appear for his deposition subjects him to sanctions under Rule 37(b)(2)(A), the Court must now determine what sanctions are appropriate. Rule 26(g)(3) does not list the types of sanctions that may be entered for a Rule 26(g) violation, other than to indicate that any sanctions must be "appropriate" and "may include an order to the pay the reasonable expenses, including attorney's fees, caused by the violation."[26] Rule 37(b)(2)(A), in contrast, sets forth a number of different sanctions that may be imposed, including striking the violating party's pleadings in whole or in part,[27] staying the action

---

[23] As discussed above in connection with Plaintiff's Motion to Strike the Protective Order, D. Kan. Rule 7.3 requires that any motion to reconsider a non-dispositive order be filed within fourteen days after the order is filed.

[24] *See* D. Kan. Rule 72.1.4. (Fed. R. Civ. P. 72(a) objections to a non-dispositive order of a magistrate judge must be made by filing a motion to review the order in question); Fed. R. Civ. P. 72(a) (a party's objections to a magistrate judge's order must be filed within fourteen days after service of the order).

[25] Fed. R. Civ. P. 26(g)(3).

[26] *Id.*

[27] Fed. R. Civ. P. 37(b)(2)(A)(iii).

until the order is obeyed,[28] dismissing the action in whole or in part,[29] or holding the violating party in contempt of court.[30]

UKHA asks the Court to dismiss with prejudice Plaintiff's claims against it. The Court notes, however, that dismissal with prejudice is an extreme remedy and is only appropriate in cases of willful misconduct or where a lesser sanction is unavailable.[31] Because dismissal with prejudice forecloses the plaintiff's access to the Court, "dismissal is usually a weapon of last resort" that should be imposed only with great caution.[32] While the Court is not aware of any action dismissing a lawsuit for failure to comply with Rule 26(g), the Court does recognize that, in some circumstances, dismissal under Rule 37(b)(2)(A) may be appropriate. In determining whether to order dismissal under Rule 37(b)(2)(A) for failure to obey a discovery order, the court typically will examine such factors as the degree of prejudice to the opposing party caused by the plaintiff's failure to comply with the order, whether the judicial process has been significantly impaired or interfered with, the culpability of the plaintiff, whether the plaintiff was warned in advance that dismissal was a likely sanction, and whether a lesser sanction would be effective.[33]

Plaintiff has not been previously warned that the failure to appear for his deposition or failure to comply with the Court's Orders may result in dismissal of his action. Furthermore, the Court is

---

[28]Fed. R. Civ. P. 37(b)(2)(A)(iv).

[29]Fed. R. Civ. P. 37(b)(2)(A)(v).

[30]Fed. R. Civ. P. 37(b)(2)(A)(vii).

[31]*Gross v. Gen. Motors Corp.*, 252 F.R.D. 693, 696 (D. Kan. 2008) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992)).

[32]*Id.* (citing *LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003)).

[33]*See id* at 696-98 (citing *Ehrenhaus,* 965 F.2d at 920).

hopeful that a lesser sanction will be effective to ensure Plaintiff's attendance at his deposition. Thus, the Court finds that dismissal is not an appropriate sanction at this time.

In light of the foregoing, the Court denies UKHA's motion to the extent UKHA asks the Court to dismiss Plaintiff's claims against UKHA. The Court, however, grants UKHA's motion to the extent it asks the Court to compel Plaintiff to appear for his deposition, and the Court orders (1) UKHA to reschedule Plaintiff's deposition prior to the November 19, 2010 close of discovery, and (2) Plaintiff to attend his deposition at the time scheduled by UKHA. UKHA shall consult with Plaintiff and KUMC to attempt to reach an agreement on the date and time of Plaintiff's deposition; however, if no agreement can be reached, UKHA shall schedule the deposition without the agreement of the other parties, subject to either party's right to file a Rule 26(c) motion for protective order.[34] The Court declines to extend the discovery deadline, however, as the Court believes there is sufficient time to schedule the deposition by the November 19, 2010 discovery deadline.

The Court cautions Plaintiff that it will not tolerate another failure to appear for his deposition, and that Plaintiff's failure to appear for his deposition or any future breach of plaintiff's duties to the Court or non-compliance with the applicable rules or this Court's Orders may result in sanctions, including but not limited to (1) an order that requires plaintiff to pay the reasonable expenses and attorney's fees that Defendants incur as a result of Plaintiff's actions; (2) an order that establishes certain matters and/or facts for purposes of the action; (3) an order that prohibits Plaintiff from supporting or opposing designated defenses of Defendants or prohibits Plaintiff from introducing designated witnesses or matters into evidence; (4) an order that strikes Plaintiff's

---

[34]Any objections to the deposition date and time contained in a Rule 26(c) motion for protective order will, of course, be subject to the certification and sanction provisions of Rule 26(g).

pleadings or parts thereof, stays future proceedings, dismisses the action with prejudice, or enters judgment in favor of defendant; and (5) an order that holds Plaintiff in contempt of court.

**Furthermore, the Court instructs Plaintiff that if he fails to appear for his properly noticed deposition, he shall, within <u>five (5) days</u> of the date of the noticed deposition, show cause to the District Judge, in a pleading filed with the Court, why his claims against both Defendants should not be dismissed with prejudice for failure to comply with this Order.**

Finally, the Court finds that UKHA is entitled to recover its reasonable attorney's fees and expenses that it has incurred in bringing the instant motion, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C).[35] Under that provision, when a court finds a party to have violated a discovery order, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the party's failure [to comply with the discovery order] unless the failure was substantially justified or other circumstances make an award of expenses unjust."[36]

The Court does not find that Plaintiff's failure to comply with the Court's May 14, 2010 Order was substantially justified. Nor does the Court finds that any circumstances would make an award of fees and expenses unjust under the circumstances of this particular case. Accordingly, the Court holds that UKHA is entitled to recover from Plaintiff the reasonable expenses and attorney's fees it incurred in bringing this motion. To aid the Court in determining the proper amount of the award, UKHA's counsel shall file, by **November 12, 2010**, a pleading that sets forth the amount of expenses and fees it seeks to recover and an affidavit itemizing those expenses and fees. Plaintiff shall have until **November 29, 2010** to file an opposition to UKHA's pleading and affidavit.

---

[35] Fed. R. Civ. P. 37(b)(2)(C)

[36] *Id.*

Thereafter, the Court will issue an order specifying the amount of the award and the time for payment.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Quash Subpoenas (ECF No. 170) is moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Protective Order (ECF No. 171) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Enforce Rule 26 Disclosures (ECF No. 179) is denied.

**IT IS FURTHER ORDERED** that by **November 12, 2010,** UKHA's counsel shall file a pleading and affidavit regarding the reasonable amount of attorney's fees and expenses that UKHA incurred in opposing Plaintiff's Motion to Enforce Rule 26 Disclosures (ECF No. 179), and Plaintiff shall file any opposition thereto by **November 29, 2010**.

**IT IS FURTHER ORDERED** that UKHA's Motion for Sanctions, or in the Alternative, to Compel (ECF No. 177) is granted to the extent UKHA seeks an order compelling Plaintiff to appear for his deposition, but denied to the extent UKHA seeks an order dismissing the claims asserted against it and an order extending discovery and other pretrial deadlines.

**IT IS FURTHER ORDERED** that in the event Plaintiff should fail to appear for his properly noticed deposition, Plaintiff shall, within **five (5) days** of the date of the scheduled deposition, show cause to the District Judge, in a pleading filed with the Court, why his claims against both Defendants should not be dismissed with prejudice for failure to comply with this Order.

**IT IS FURTHER ORDERED** that by **November 12, 2010,** UKHA's counsel shall file a pleading and affidavit regarding the reasonable amount of attorney's fees and expenses that UKHA

16

incurred in filing its Motion for Sanctions, or in the Alternative, to Compel (ECF No. 177), and Plaintiff shall file any opposition thereto by **November 29, 2010**.

**IT IS FURTHER ORDERED** that a copy of this Order shall be mailed to Plaintiff by U.S. Mail and by certified mail, return receipt requested.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 2nd day of November 2010.

s/ David J. Waxse  
David J. Waxse  
U. S. Magistrate Judge

cc: All counsel  
     Plaintiff, by regular and certified  
     mail, return receipt requested